### People ex rel. Whittemore v. Ryalls.

Section 74 of the General Statutes was not adopted for the purpose of affording a private remedy for the collection of moneys wrongfully withheld from litigants by their attorneys, but to give this court an additional power to purge the profession of unworthy members.

*In re* Browne, 2 Colo. 553, modified.

This was a proceeding for disbarment. The facts are stated sufficiently in the opinion.

Attorney-General Theo. H. Thomas and Mr. Horace G. Benson, for the people.

PER CURIAM.   This proceeding is instituted under section 74 of the General Statutes.   The substance of this section, briefly stated, is that, whenever an attorney shall receive, in his official capacity, any money or property belonging to his client, and shall, upon demand therefor and tender of fees, refuse or neglect to pay over the same, *any person interested* may apply to the supreme court for a rule requiring such attorney to show cause why his name should not be stricken from the roll of attorneys; and if, at the trial, the truth of the charges made be sustained, the court shall cause the name of such attorney to be stricken accordingly.

After service of the rule in this case as required by law, respondent paid the money wrongfully withheld; also the costs of the proceeding.   It seems to have been understood that the proceeding would then be dismissed by relator, as respondent made no answer, took no steps to defend against the charge, and departed from the state. We declined to discharge the rule, and have heard evidence touching the matters averred in the petition.

It has evidently been assumed in the present and several similar cases recently brought in this court, that the statute mentioned was framed to aid clients in collecting moneys thus wrongfully withheld by their attorneys. Doubtless the proceeding will tend to accomplish this purpose, for two reasons: *First*, an attorney must be lost to all sense of honor, as well as professional pride, who would not thereby be stimulated to relieve himself from the odium attaching to his breach of trust; and *second*, payment of the money, even though under an influence akin to coercion, would probably have some bearing upon the decision of this court on the question of disbarment.   But we do not conceive that the statute referred to was adopted for the purpose of affording an additional private remedy for the collection of the moneys mentioned.   In our opinion, the principal object of the legislature was to place in the hands of this court an

additional power whereby the profession may be purged of unworthy members, and litigants be protected from impositions practiced by such persons. As supporting this view, it may be suggested that, without the statute, at common law, the client possessed quite as effective a remedy for the wrong under consideration; he might obtain from the court a rule requiring the attorney to pay over the moneys kept back, and, upon disobedience of the rule, the proper practice was not to move for disbarment, but to procure an attachment for the contempt. Weeks, Attys. Law, § 97. Under this common law proceeding, as declared by Hallett, C. J., the "attorney so attached might purge himself by satisfying the demand; but the statute is otherwise." The learned judge further says:

"By section 7 it is provided that the judgment of the court shall stand until the court shall authorize the attorney again to subscribe the roll; and I do not perceive that he may obtain such permission by payment of the money merely." Concurring opinion, *In re Browne*, 2 Colo. 558.

The evidence taken in the case before us demonstrates that respondent is guilty of the offense referred to in the statute and charged by the petition. We think that he improperly neglected and refused to pay over the money of his client, the relator herein. Interpreting the statute as we do, it therefore becomes our duty to pronounce the judgment of disbarment.

In so far as the foregoing views may conflict with those of the majority of the court in the case mentioned (2 Colo. 553), that decision is modified. The rule to show cause heretofore issued herein is made absolute; and it is accordingly adjudged that the name of respondent, John V. Ryalls, be stricken from the roll of attorneys who are permitted to practice in the courts of this state.