26  229
f26  233
26  229
29  348

26  229
f36  127

[No. 3997.]

## THE PEOPLE EX REL. THE COLORADO BAR ASSOCIATION v. WEEBER.

1. ATTORNEY AT LAW—DISBARMENT—CONVICTION OF CRIME.

In a proceeding to disbar an attorney on the ground that he had been convicted of crime the fact that he had paid his fine was no defense to the action. The right to practice law is not a right of citizenship, and even though a party convicted of crime be restored to his rights of citizenship by paying the penalty, he is not thereby restored to the right to practice law.

2. ATTORNEYS AT LAW—DISBARMENT—POWER OF COURT.

The court that has power to admit attorneys to practice law has the inherent power to remove them, and is not dependent for such power upon any statute.

3. SAME— MISCONDUCT OTHER THAN COMMISSION OF CRIME.

Any misconduct of an attorney which would render his continuance in practice incompatible with the proper respect of the court for itself, or a proper regard for the integrity of the profession, is sufficient cause for his disbarment; and the right of the court exists to strike his name from the rolls for other misconduct than the commission of crime.

### Original Proceeding.

Mr. LUCIUS W. HOYT, Mr. DAVID M. CAMPBELL, attorney general, and Mr. CALVIN E. REED, for relator.

Mr. WILLIAM J. WEEBER, respondent, *pro se.*

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

The object of this proceeding is to strike from the roll of attorneys in this state the name of respondent William J. Weeber. The information charges that in the district court of the United States for the district of Colorado the respondent has been tried and convicted of the crime of unlawfully

making use of the United States mails. Weeber was sentenced to pay, and has paid, the fine imposed by the court.

The answer does not deny the facts set up in the information, but seeks to escape their consequences upon the following grounds: That the statutes of this state do not make the acts charged against him a ground of disbarment; that the conviction was in the federal, and not in the state court; that since the conviction he has been continuously engaged in the practice of his profession, has appeared in a large number of cases, and during that time no charges or complaints have been made against him derogatory to his integrity and standing as a lawyer; that *laches* exist in this prosecution; and that he is dependent upon his profession for an income to support himself and family. In the brief, reliance is had upon section 10 of article 7 of the constitution, which reads as follows:

"No person while confined in any public prison shall be entitled to vote; but every such person who was a qualified elector prior to such imprisonment, and who is released therefrom by virtue of a pardon, or by virtue of having served out his full term of imprisonment, shall, without further action, be invested with all the rights of citizenship, except as otherwise provided in this constitution."

The point made under this section is that the payment by him of the fine and costs is equivalent to a pardon or to serving out a full term of imprisonment, and that the legal effect of either is to restore the person convicted to all the rights of citizenship, which includes the right to practice his profession of lawyer, the same as before conviction.

Conceding the allegations of facts averred in the answer to be true, no one of them, nor all combined, constitute any defense to the information. Some of them might properly be considered if this were an application to reinstate respondent, but in a proceeding for disbarment they are not a defense. The only proposition that requires any discussion is what effect, if any, payment of the fine has upon the pending proceeding.

No authority is cited in support of the respondent's claim that payment of a fine restores to him the alleged right to practice his profession. If it be conceded that payment of a fine is, in the respect noted, equivalent to a pardon or serving of a full term of imprisonment, we think neither a defense to a proceeding for disbarment on the ground of conviction of a crime. Not every citizen has the right to practice as an attorney. In other words, one may be a citizen and possess all the rights of citizenship, and not have the right to appear in courts as an attorney. Indeed, in no proper sense is it a right of citizenship at all. Although under our statute, and rules of court, governing admission of attorneys to the bar, no person shall be admitted to practice, unless he is a citizen of the United States, yet the privilege to practice might be granted, without regard to the qualification of citizenship. It may be conferred subject to such conditions as may be prescribed by the authority conferring the privilege, and under our statute (Gen. Stats. 1883, sec. 69 ; 1 Mills' Ann. Stats. sec. 196) the license to an attorney is "for and during his good behavior," and this condition would be implied, or attach, in the absence of any statute upon that subject.

Pardon, or the payment of a fine, or service of sentence, may restore one to his civil rights — may blot out the offense committed — but it cannot wipe out the act of which he was adjudged guilty, and it is the act that the court considers in these disbarment proceedings. The court that has the power to admit attorneys to practice, possesses the power of removal. It is inherent on the ground of self protection, and is not dependent upon any statute. Any misconduct of an attorney which would render his continuance in practice incompatible with the proper respect of the court for itself, or a proper regard for the integrity of the profession, is sufficient to cause his disbarment; and the right of the court to strike from its rolls his name exists for acts of misbehavior other than the commission of a crime. The court might disbar him for committing a crime, even though he was not convicted. Conduct that is not attended by any such con-

sequences may be, and often is, inconsistent with the right of an attorney to continue the practice of his profession. A number of authorities might be cited in support of the conclusion reached upon the propositions considered, and we append a few out of the many. *Ex parte Brounsell*, 2 Cowper, 289; Weeks on Attorneys, § 80 *et seq.; In the Matter of*   , *an Attorney*, 86 N. Y. 563; *McCarthy's Case*, 42 Mich. 71; *Bradwell v. The State*, 16 Wall. 130; *Ex parte Brown*, 2 Colo. 553; *People ex rel. v. Ryalls*, 8 Colo. 332.

The judgment is that respondent's name be stricken from the roll of attorneys of this court, with costs to be taxed against him.