[No. 5689.]

THE PEOPLE EX REL. BAR ASSOCIATION V. FRANCIS L.
BURTON.

1. Attorneys at Law—Disbarment—Conviction of Felony—Pardon.

The fact that an attorney, who was convicted of a felony in a sister state, was restored to his civil rights by a pardon of the governor, is not a defense to disbarment proceedings against him for the same offense; and the court may consider the conduct of such attorney, and, if satisfied that it has been of a nature to require his disbarment, may disbar him.—P. 166.

2. Same — Information — Answer — Denial of Guilt—Motion for Judgment on the Pleadings—Proof.

In proceedings to disbar an attorney, the information states that he had been guilty of gross professional malconduct, in that he had been tried, convicted and sentenced in a sister state for the crime of grand larceny. The answer denies that he has been guilty of gross or other professional malconduct, admits that he was tried, convicted and sentenced as charged, but avers that he was not guilty, that he did not receive a fair trial, and that, by reason of the fact that his innocence was manifest, the governor of such state had issued to him a full and free pardon. Held, that petitioner's motion for judgment on the pleadings will be overruled, and the respondent be allowed to offer proof in defense of the charge preferred.—P. 166.

*Original Proceeding in Disbarment.*

*On Motion.*

Proceedings in disbarment by The People, on the relation of The Colorado Bar Association, against Francis L. Burton. Motion for judgment on the pleadings.

Decision *en banc*.        *Motion denied.*

Mr. S. S. LARGE, for petitioner.

Messrs. MORRISON & DE SOTO and Mr. RALPH TALBOT, for respondent.

CHIEF JUSTICE STEELE delivered the opinion of the court:

The respondent was admitted to practice in this state as an attorney at law on March 9, 1896, and the information states that he has been guilty of gross professional malconduct in that, under an indictment charging him with felony, to wit, grand larceny, he was, on the 18th day of September, 1903, tried, convicted and sentenced in the superior court for criminal business at Boston, in the state of Massachusetts.

The defendant, in his answer, denies that he has been guilty of gross or other professional malconduct, as charged in the information, or at all; admits that he was tried, convicted and sentenced, as charged in the information, but he avers that he was not guilty of the charge laid in the indictment; that he did not receive a fair or impartial trial thereon; and further states that, by reason of representations truthfully made to the then governor of Massachusetts, and by reason of the fact that it was manifest that he was innocent of any offense, and had been wrongfully convicted, the said governor of Massachusetts did, on the 25th of May, 1904, issue to respondent a full and free pardon.

Petitioner has moved for judgment upon the pleadings.

We have held, in the case of *People v. Webber*, 26 Colo. 229, that "Pardon, or the payment of a fine, or service of sentence, may restore one to his civil rights—may blot out the offense committed—but it cannot wipe out the act of which he was adjudged guilty, and it is the act that the court considers in these disbarment proceedings." And that "any misconduct of an attorney which would render his continuance in practice incompatible with the proper respect of the court for itself, or a proper regard for

the integrity of the profession, is sufficient to cause his disbarment."

So that the fact that the respondent has been restored to his civil rights by the pardon of the governor of Massachusetts is not a defense, and the court may consider the conduct of the attorney, and, if satisfied that his conduct has been such as to require his disbarment, may disbar him. But the question which is here presented has not been decided by this court, and we are not prepared, at this time, to determine whether, in this character of proceeding, a judgment of conviction is conclusive evidence of the guilt of a respondent, or is simply *prima facie* evidence. In view of the statements in the answer that he was not guilty of any professional malconduct, that he did not have a fair and impartial trial, and that, because of his innocence and improper conviction, the governor of Massachusetts granted him a full and free pardon, we have concluded to reserve the determination of the question concerning the effect of the record of conviction, and to permit the respondent to offer proof in defense of the charge preferred. The motion for judgment upon the pleadings will be denied.

Decision *en banc,* all the justices concurring.