## In re MARSH.

No. 2259.    Decided January 4, 1913 (129 Pac. 411).

ATTORNEY AND CLIENT—DISBARMENT—GROUNDS. A colored attorney, who for several months kept a house of ill fame at which white girls consorted with negroes and smoked opium with his knowledge, and to which he took beer and served to the inmates and patrons, is morally unfit to be a member of the bar, and will be disbarred.

In the matter of the disbarment of Lawrence Marsh, an attorney and counselor at law.

Judgment of disbarment.

*W. D. Riter, Bismark Snyder* and *E. A. Walton,* for petitioners.

*Willard Hanson,* for respondent.

PER CURIAM. On May 9, 1911, members of the committee on grievances of the State Bar Association of Utah

presented an information, verified by their oaths, charging one Lawrence Marsh (a colored man), who was on July 1, 1909, admitted to practice before this court as an attorney and counselor at law, as being morally unfit to be a member of the bar of this court, and moved that the said Marsh be required to appear and show cause, if any he had, why he should not be permanently disbarred and his name stricken from the roll of attorneys of this court. It is alleged in the information, among other things, that "the said Lawrence Marsh . . . during January, February, and the early part of March, 1911, was engaged in running and managing a house of ill fame . . . in Salt Lake City, Utah; that he at the same time and place kept appliances for smoking opium and caused, permitted, and persuaded the inmates of said house, and others frequenting the same, to smoke or otherwise use opium thereat." A citation was issued requiring Marsh to appear before this court on May 11, 1911, and show cause why he should not be disbarred, his certificate of admission to practice law canceled, and his name stricken from the roll of attorneys of this court, and that he deposit forthwith his certificate with the clerk of this court. Marsh appeared and filed an answer in which he denied all the allegations of the information charging him with being morally unfit to practice in the courts of record of this state. He also deposited with the clerk of this court his certificate of admission. The matter was referred to Charles Baldwin, Esq., an attorney and counselor at law of this court, to take testimony and make findings of fact and conclusions of law thereon and to report the same to this court. A hearing was had before the referee, in which Marsh was represented by counsel and witnesses were sworn and examined.

After the evidence was taken and the cause submitted, the referee found the following facts, which are fully supported by the evidence:

"(1) That Lawrence Marsh, for several months during the year 1911, kept a house of prostitution at No. 356 East Seventh South Street, Salt Lake City.

(2) That white girls resorted to his said house where they consorted with negroes brought there by him.

(3) That opium was smoked there by the girls with his knowledge, and beer was taken there by him and served by him and the girls to colored men who resorted to the house."

The referee also found and reported the following conclusions of law:

"From the facts thus found, I conclude that said Lawrence Marsh is morally unfit to be a member of the bar of this court, and so report."

The report of the referee, dated January 10, 1912, is hereby adopted and approved.

It is therefore ordered that Lawrence Marsh be, and he hereby is, permanently disbarred from practicing in the courts of record of this state. It is further ordered that his certificate of admission be, and the same is hereby, canceled, and the clerk of this court is directed to destroy his certificate of admission and to erase his name from the roll of attorneys of this court.