## TROY S. MILLER v. HENNEPIN COUNTY MEDICAL SOCIETY and Others.[1]

January 16, 1914.

Nos. 18,258—(135).

**Medical society — discipline of member after acquittal in court.**
The Hennepin County Medical Society, a voluntary association of physicians and surgeons, the by-laws of which provide for the trial of a member for a criminal offense or for misconduct, and provide a penalty by discipline or expulsion, may try a member for acts which were necessarily involved in a criminal charge, tried in the district court, and of which the member was acquitted.

[1] Reported in 144 N. W. 1091.

Action in the district court for Hennepin county against Hennepin County Medical Society, H. H. Kimball, as its president, E. J. Huenekens, as its secretary, and the members of its board of censors to restrain defendants from proceeding with and trying plaintiff upon a charge of having performed an abortion. Plaintiff obtained an order requiring defendants to show cause why a restraining order should not be granted. The matter was heard before Dickinson, J., who denied plaintiff's application. From the order denying the application, plaintiff appealed. Affirmed.

*Farnam & Tappan,* for appellant.

*Lancaster, Simpson & Purdy,* for respondents.

DIBELL, C.

This is an appeal by the plaintiff from an order of the district court of Hennepin county granting in part and refusing in part his application for an injunction restraining the defendants from trying him for certain acts which had been involved in a criminal prosecution against him.

The defendant Hennepin County Medical Society is a voluntary association of physicians and surgeons. The other defendants are members and officers of it. The plaintiff is a member. The society has been in existence since 1859. Membership in it is highly prized and is the source of professional honor and profit.

. The society has a constitution and by-laws to which each member upon becoming a member assents. The by-laws have this provision: "A member who is guilty of a criminal offense or of gross misconduct either as a physician or as a citizen, or who violates any of the provisions of this constitution and by-laws, shall be liable to censure, suspension or expulsion." Provision is made for preferring charges, for a hearing and trial, and for censure, suspension or expulsion if the charges are sustained. No other consequences follow. The member's license is not revoked nor is his right to practice affected.

On April 10, 1913, the plaintiff was acquitted in the district court of Hennepin county of the crime of manslaughter in the first degree. The indictment was based upon an alleged criminal operation.

Charges were preferred by the defendant society against the plaintiff involving the matters involved in the criminal charge. The court, on the application of the plaintiff, granted an injunction restraining the society from trying the plaintiff for the crime of which he had been acquitted, but refused to restrain it from proceeding under its constitution and by-laws to an inquiry and investigation into the plaintiff's conduct relative to the alleged criminal operation. Without determining the precise scope of the injunction it is clear that it permitted the society to consider acts involved in the criminal charge in disciplining or expelling the plaintiff.

The claim of the plaintiff is that the facts charged in the indictment cannot be made the basis for disciplining or expelling him. We know of no case which holds that a member of a voluntary association, the by-laws of which provide for the discipline or expulsion of a member for crime or misconduct inimical to its being, may interpose as a bar a former acquittal of a criminal charge involving the same acts. Sound reasoning does not support such a claim. The authorities are to the effect that a license to practice medicine may be revoked by the duly-constituted authority, and that an attorney may be disbarred by a special judicial proceeding, though the acts relied upon for the revocation or for disbarment are the same acts upon which a criminal charge, resulting in an acquittal, was based. In re Smith, 10 Wend. 449; In re ———, an attorney, 86 N. Y. 563; People v. Mead, 29 Colo. 344, 68 Pac. 241. And see Munk v. Frink, 81 Neb. 631, 116 N. W. 525, 17 L.R.A.(N.S.) 439; People v. Weeber, 26 Colo. 229, 57 Pac. 1079; People v. Reid, 151 App. Div. 324, 136 N. Y. Supp. 428. There is less justification for holding that an acquittal is a bar in the trial of a member of an unincorporated association in accordance with its by-laws to which he has assented, and where the result of sustaining the charge is no more than a severance of the relations between the association and himself. There is no reason why the plaintiff should not submit to a trial in accordance with the laws of the society.

Order affirmed.