Peodle ex rel. Attorney General *v.* Brayton.

(65 P. [2d] 1438)

Decided February 23, 1937.

Mr. Paul P. Prosser, Attorney General, Mr. Walter F. Scherer, Assistant, for petitioner.

Mr. Homer E. Brayton, pro se, Mr. Benjamin F. Koperlik, Messrs. Langdon & Barbrick, Mr. Thomas L. Bartley, for respondent.

*En Banc.*

Mr. Justice Hilliard delivered the opinion of the court.

The charge, not amplified, is that on an indictment of "conspiracy to violate National Bankruptcy Act," returned in the Colorado district court of the United States, respondent, a member of the Colorado bar, was adjudged guilty and sentenced to serve a term in the United States Southwestern Reformatory at El Reno, Oklahoma. Respondent, answering, admitted the judgment and sen-

tence, but denied that he was guilty and set forth at length his connection with the matter out of which the federal prosecution arose. His explanation is reasonable and consistent with innocence. The question is, Are we concluded by the federal court judgment, or may we inquire and adjudge as the right shall appear to us?

Section 7144, C. L. 1921, reads as follows: "Every person convicted of felony shall from thenceforth be disqualified from holding any office of honor, trust or profit under the laws of this state, or practicing as an attorney in any of the courts of this state." See, also, our rule 83d.

Considering that the crime of which there was conviction of respondent in the federal court—"conspiracy to violate National Bankruptcy Act"—is not a crime cognizable in our courts, such conviction of itself, we think, does not warrant summary action under section 7144, supra. If respondent is to suffer our displeasure, and be "removed or suspended on account of the proceedings against him in the federal court, it must be because he was, in fact, guilty of improper conduct, and not because of his conviction alone." *Ex parte Briggs,* 52 Ore. 433, 97 Pac. 713. It follows that he should be accorded the privilege of submitting evidence on the issue presented by the allegations of the petition and his answer thereto. *People ex rel. v. Burton,* 39 Colo. 164, 88 Pac. 1063.

In the interest of orderly inquiry, the attorney general to attend, let the matter be referred to the Pueblo district court for hearing, and findings of fact by that court returned for our further consideration.