## No. 14,097.

PEOPLE EX REL. ATTORNEY GENERAL *v.* LASKA.

(72 P. [2d] 693)

Decided September 20, 1937.

Mr. BYRON G. ROGERS, Attorney General, Mr. WALTER F. SCHERER, Assistant, for petitioner.

Mr. Philip Hornbein, Mr. Ralph L. Carr, Mr. Jean S. Breitenstein, for respondent.

*En Banc.*

Mr. Justice Hilliard delivered the opinion of the court.

An original proceeding in disbarment.

The charge is, that, in the Western Oklahoma District Court of the United States, respondent, a member of the Colorado bar, was indicted for and convicted of the "crime of conspiracy to violate the provisions of the Act of Congress, approved June 22, 1932, sections 408(a) and 408(c) (18 U. S. C. A.) (conspiracy to violate the Lindberg act relative to kidnaping)," and "sentenced to confinement in a United States penitentiary for a term of ten years." Respondent, answering, admitted the judgment of conviction and sentence as charged, but alleged, nevertheless, that he is "innocent of the charges preferred against him in said indictment," that he has "always conducted himself in a proper and lawful manner and has been and is now guilty of no misconduct whatever." Further, respondent averred, that the "crime for which he was convicted * * * is not a crime cognizable by the laws of the State of Colorado and that he is entitled to a hearing to determine whether or not he is guilty of the misconduct charged" against him. To respondent's answer a general demurrer challenging its legal sufficiency was interposed. This question stands submitted on briefs.

■ Neither petitioner nor respondent, as our study convinces, has fully apprehended the doctrine of our decisions in disciplinary proceedings based on conviction of felony in courts other than of Colorado jurisdiction. When a member of the bar is convicted of a felony, a Colorado legislative enactment operates to disqualify him from "practicing as an attorney in any of the courts

of this state." '35 C. S. A., c. 48, §533 (C. L., §7144). Clearly, if in such an instance there has been conviction in a Colorado court, the status of the convicted attorney is fixed by law, and upon formal exhibition of the record we are bound to note the fact and order accordingly, if, indeed, an order is necessary. But where the conviction has been in a court of another jurisdiction, as here, and the attorney whose discipline is sought formally invokes that right, we have deemed it consonant with justice to accord him the privilege of denying his guilt notwithstanding his conviction in a "foreign" court, and to plead facts and circumstances reasonably indicating that he did not have a fair trial, or which import innocence rather than guilt, and have inquiry made under our supervision. *People ex rel. v. Brayton,* 100 Colo. 92, 65 P. (2d) 1438; *People ex rel. v. Burton,* 39 Colo. 164, 88 Pac. 1063, 121 Am. St. Rep. 165. Otherwise, as we perceive, the judgment of the convicting jurisdiction would operate extraterritorially, and automatically, as if by lawful mandate, require the ministers of justice of another sovereign jurisdiction to visit an added penalty on him, who, prone and helpless before them, denies his guilt and pleads that which indicates his innocence of the charge in the court of his trial. In an analogous situation, the New York court has said: "The disqualification created by this statute is consequent only upon a conviction in this state." *Sims v. Sims,* 75 N. Y. 466. See, also, *Commonwealth v. Green,* 17 Mass. 515, where the learned Chief Justice Parker (pp. 532-551) exhaustively discourses on the general subject, and luminously distinguishes "between the judgments of another state in civil actions affecting property only, and judgments on criminal prosecutions." Considering that the judgment here must be ours, we think to find the facts upon which to base it, if properly moved thereunto, also is our responsibility. The sum of our holding heretofore which we now emphasize, is that where the conviction has not been in our courts, the statute, cited supra (quoted in the Brayton case),

and on which the attorney general relies, does not foreclose a respondent as to the fact of guilt, or conclude us in measure of discipline.

It does not follow, however, that our general power to administer discipline to offending attorneys is not ample in any situation, or that conviction of one of our bar on a felonious charge in another jurisdiction likely would not result in an order of disbarment, for in the absence of denial of guilt by a respondent on a charge so based, and sufficient explanatory answer otherwise, his guilt would be considered as established, and we would be disposed to regard "disqualification to practice law" which the legislature has said shall be the lot of an attorney convicted of felony, as the criterion for our judgment. Likewise, upon our finding of guilt where inquiry in relation thereto is of our duty.

On the merits of the proceeding, we think respondent's answer is not sufficient to move us to independent inquiry. The allegation that the crime of which he was convicted was not one cognizable in our courts, is of importance only in the matter of the applicability of the statute we have discussed, and does not go to the question of his guilt of a felony, which, regardless of the statute, and by whatever court adjudged, might well prompt us to action as a disciplinary tribunal; and the further allegation that he has always conducted himself in a lawful manner and has been guilty of no misconduct whatever, is but an amplification of his answer of general denial of guilt. There is absence of allegation within the spirit of our former opinions, which, in outline, but not exhaustively, we have set forth earlier in this opinion.

Only peculiar and unusual circumstances, we are constrained to believe, of which there should be full exposition in the answer, will warrant us in making independent inquiry as to the fact of guilt in a matter of the nature here. The cases cited, supra, and *People ex rel. v. Edison,* 100 Colo. 574, 69 P. (2d) 246, where the plea to

the indictment was nolo contendere, instance sufficient answers in disciplinary proceedings based on criminal prosecutions in other jurisdictions. In the Brayton case, it is informing to say, the answer is not fully narrated in the opinion of the court. Of course, in any event, each inquiry differs from all other inquiries, and the language of the charge, as well as of the answer, in such matters is as variate.

Therefore, but with leave to respondent, should he elect to proceed so, to file within sixty days an amended answer, let the demurrer be sustained.