# IN RE APPLICATION FOR DISCIPLINE OF THOMAS JACKSON HEINZE.[1]

March 22, 1951.

No. 33,684.

[1]Reported in 47 N. W. (2d) 123.

*Robert J. Nowack,* for Practice of Law Committee of Minnesota State Bar Association.

*Cummins, Cummins & Hammond* and *Reginald Ames,* for respondent.

PER CURIAM.

Application for the discipline of respondent, Thomas Jackson Heinze, an attorney at law of the state of Minnesota, admitted to practice therein on May 15, 1941.

Six charges of misconduct are made. The Honorable Levi M. Hall, one of the judges of the district court for the fourth judicial district, named as referee, heard the evidence and made findings and a report to this court thereon. He determined that there was insufficient evidence to sustain charges IV, V, and VI against respondent, but held that charges I, II, and III were established. We have examined the evidence and find ourselves in accord with his conclusions. For this reason, only charges I, II, and III will be considered here.

Charges I and II, in substance, accuse respondent of improper actions with five young boys, ranging in age from 14 to 18 years, during the years 1939 and 1940, prior to his admission to the bar; while charge III accuses him of like misconduct in 1941 and 1942, after his admission. In December 1942, he was prosecuted in the district court of Ramsey county on the charge of indecent assault involving one of these boys. He was acquitted on this charge, but, upon learning that the county attorney contemplated prosecuting him on like charges involving others of the boys named, to avoid such prosecution, he left the state a day or two after his acquittal.

On March 10, 1943, the state board of law examiners, in whose hands the investigation and institution of disciplinary matters then rested, wrote respondent at his former law office in St. Paul stating that complaints had been received by the board to the effect that shortly prior thereto he had been "guilty of having had unnatural relations with five or more juveniles in and around

St. Paul, Minnesota," mentioning by name the boys involved. The board gave him 10 days in which to forward his verified written answer to such accusations. No reply to this letter was received, and the board wrote him again on March 24, 1943, referring to its previous letter and requesting a reply thereto.

On March 27, 1943, the board was advised by letter from a sister of respondent that he had enlisted in the United States Army and commenced service therein at Camp Grant, Illinois. Respondent concedes that the two letters sent by the board to his former address were received by his sister, and that he had been advised of their contents sometime during March or April of 1943. On September 9, 1943, the board filed its petition here seeking discipline of respondent on the charges above described. This court, being advised that respondent was then in military service, stayed proceedings thereon pending his discharge from the service.

On September 16, 1948, more than five years later, the board received a letter from respondent making inquiry as to the status of the proceedings. Therein he stated that he had been discharged from the army on October 9, 1945, and was living in Winston-Salem, North Carolina. He was advised by the board that the proceedings were still pending, and shortly thereafter notice thereof was served upon him in North Carolina.

At the hearing before the referee, there was presented the testimony of numerous witnesses, including that of five of the boys involved, as well as that of certain police officers of St. Paul who had questioned respondent at the time of his trial in 1942. The evidence thus submitted, in addition to establishing respondent's misconduct, also disclosed that subsequent to 1942 the boys involved, with one exception, had become delinquents and had served in either the state training school at Red Wing or the state reformatory at St. Cloud. Based upon all the testimony, the referee determined that the evidence was sufficient to sustain charges I, II, and III above described, and found further that respond-

ent's acts must have contributed to the subsequent delinquency of the boys. He reported that since respondent had left St. Paul there was every indication that he had led a normal life, although there was no way of checking on his personal life since that time. He concluded that respondent probably had tried to adjust himself and become a good citizen.

Counsel for respondent, while urging that the referee should have made contrary findings, concede that there is evidence to support the findings establishing charges I and III above described. They urge that leniency be extended, however, because of the long delay since the inauguration of the proceedings and because of respondent's good conduct subsequent to his acquittal, which, they assert, indicates his rehabilitation and merits a denial of his discipline at this time.

■ Based upon this court's prior decisions and the great weight of authority elsewhere, it is clear that an attorney may be disbarred for conduct indicative of moral unfitness, whether such conduct be relative to the profession or otherwise. In re Disbarment of Williams, 221 Minn. 554, 23 N. W. (2d) 4; In re Disbarment of Cary, 146 Minn. 80, 177 N. W. 801, 9 A. L. R. 1272; In re Titus, 50 N. Y. St. 636 (66 Hun 632), 21 N. Y. S. 724; In re Marsh, 42 Utah 186, 129 P. 411; In re Hicks, 163 Okl. 29, 20 P. (2d) 896. It goes without saying that respondent's conduct, as established by the evidence, was of such a nature as not only to warrant but to compel his disbarment. In re Disbarment of Van Wyck, 207 Minn. 145, 290 N. W. 227. The referee's findings on charges I, II, and III and respondent's admission that in 1942 he fled the state to escape further prosecution on the charges covered thereby warrant disciplinary action now in the nature of disbarment, notwithstanding respondent's acquittal on one of the charges included in the petition here. 1 Dunnell, Dig. § 678; Miller v. Hennepin County Medical Society, 124 Minn. 314, 144 N. W. 1091, 50 L. R. A. (N. S.) 579.

■ Respondent asserts that because of the long delay in these proceedings and the consequent difficulty in meeting the charges

therein leniency should be extended him. There is no statute of limitations in actions for disbarment. In re Disbarment of Williams, *supra;* In re Disbarment of McDonald, 204 Minn. 61, 282 N. W. 677, 284 N. W. 888. Respondent's flight from further prosecution; his enlistment in the United States Army; and his absence for three years after his discharge from the service were the occasions for the delay. Respondent, not petitioner, was responsible therefor, and he cannot claim injury because of a situation which he himself created.

The delay placed additional burdens upon petitioner. The matter had to be entirely reinvestigated. Witnesses had moved, some to other parts of the country. At least one important witness had become unavailable because of age and infirmity. Witnesses who had been willing to testify in 1943, by 1950 had married and established families and were reluctant to give evidence. In spite of these difficulties, more than sufficient evidence was submitted to sustain the accusations included in charges I, II, and III of the petition. To absolve respondent now, because of delay, would encourage the voluntary removal of the accused in proceedings of this kind in the hope that the lapse of time would result in their discontinuance or in the elimination of damaging and vital evidence therein.

Respondent asserts that, because of his alleged rehabilitation since his acquittal, discipline should be denied at this time. The only evidence of rehabilitation submitted consisted of respondent's own assertions. The issue for determination is respondent's status at the time the proceedings were commenced in 1943. The referee's findings some seven years later are indicative that had the matter been prosecuted to a conclusion in 1943 the evidence would have compelled respondent's disbarment at that time. Subsequent good conduct should no more support a denial of discipline here than it would justify reinstatement after disbarment on similar charges. We recently had occasion to deny reinstatement on an application based solely upon sub-

sequent good conduct. In re Application of Van Wyck for Reinstatement as an Attorney at Law, 225 Minn. 90, 29 N. W. (2d) 654. We cannot apply any different standards of measurement in the instant case.

It is ordered that judgment of disbarment be forthwith entered.

Mr. Justice Christianson took no part in the consideration or decision of this application.