**In re the Petition for Reinstatement of Robert D. REUTTER as an Attorney at Law of the State of Minnesota.**

No. C4–84–1032.

Supreme Court of Minnesota.

Aug. 30, 1991.

---

Theodore J. Collins, Collins, Buckley, Sauntry & Haugh, St. Paul, for petitioner.

William J. Wernz, Director of the Office of Lawyers Professional Responsibility, Betty M. Shaw, Sr. Asst. Director, St. Paul, for respondent.

## OPINION

PER CURIAM.

On January 25, 1985, petitioner Robert D. Reutter was disbarred as a result of his convictions for aiding and abetting the distribution of cocaine and for conspiracy to distribute cocaine. *In re Reutter*, 361 N.W.2d 68 (Minn.1985). Following the reversal of those felony convictions, Reutter filed a petition seeking reinstatement to the practice of law in the State of Minnesota. A three-member panel of the Lawyers Professional Responsibility Board unanimously recommended reinstatement, and Reutter now asks that this court grant his reinstatement to the practice of law in Minnesota.

Admitted to the practice of law in South Dakota in 1965 and in Minnesota in 1966, Robert D. Reutter began his legal practice in Pipestone, Minnesota. In 1975, Reutter moved to Sioux Falls, South Dakota, where he continued practicing law until 1982, when Reutter apparently left the active practice of law and began pursuing various business endeavors.

Reutter's legal problems began on January 9, 1983, when David Trygstad, an attorney and acquaintance of Reutter's, was arrested after selling a quarter pound of cocaine to an undercover agent. As part of a negotiated plea agreement, Trygstad identified Reutter as the source of the cocaine, and Reutter was convicted of two felony counts of aiding and abetting the distribution of cocaine and of one felony count of conspiracy to distribute cocaine. Those convictions were affirmed by the South Dakota Supreme Court on direct appeal and on habeas corpus petition. *State v. Reutter*, 374 N.W.2d 617, 622 (S.D.1985); *Reutter v. Meierhenry*, 405 N.W.2d 627, 631 (S.D.1987).

Following Reutter's convictions, this court ordered Reutter's disbarment based solely on the fact of his convictions. *In re Reutter*, 361 N.W.2d 68, 69 (Minn.1985). Although he was personally served with the petition seeking disbarment, Reutter neither responded nor appeared. *Id.* at 69. The allegations having been deemed admitted, this court required no independent inquiry or findings as to the truth of the allegations underlying the indictment and convictions. The South Dakota Supreme Court also ordered Reutter's disbarment, based upon determinations of the South Dakota State Bar Disciplinary Board that Reutter (1) had been convicted of serious crimes, within the meaning of the South Dakota attorney discipline rules, (2) had been involved in the distribution of cocaine with David Trygstad and others, and (3) had been seen using cocaine by other South Dakota attorneys. *In re Discipline of Reutter*, 379 N.W.2d 315, 315 (S.D.1985).

On November 2, 1989, the Eighth Circuit Court of Appeals reversed Reutter's criminal convictions, holding that the state's failure to disclose the fact of Trygstad's candidacy for sentence commutation deprived Reutter of a fair trial where there was a reasonable probability of a different out-

come had that information been disclosed. *Reutter v. Solem,* 888 F.2d 578, 581–83 (8th Cir.1989) (citing *Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 1196, 10 L.Ed.2d 215 (1963) and *United States v. Bagley,* 473 U.S. 667, 676, 105 S.Ct. 3375, 3380, 87 L.Ed.2d 481 (1985)). The state did not retry the case, and Reutter pleaded guilty to misdemeanor possession of drug paraphernalia and was sentenced to time served.

In September of 1990, Reutter sought reinstatement to the practice of law in Minnesota. An investigation conducted by the Director of the Office of Lawyers Professional Responsibility found no evidence precluding a recommendation for Reutter's reinstatement to the practice of law. At the hearing before a panel of the Lawyers Professional Responsibility Board, Reutter admitted to having used cocaine on several occasions and acknowledged that being around controlled substances was "a grievous mistake." The panel recommended that Reutter be reinstated to the practice of law in Minnesota, subject to fulfilling the requirements of Rule 18(e), Rules of Lawyers Professional Responsibility, passing the full Minnesota bar examination, and obtaining his delinquent CLE credits.

■ When an attorney seeks reinstatement following disbarment, that attorney must establish that s/he has "undergone such a moral change as now to render him a fit person to enjoy the public confidence and trust once forfeited." *In re Smith,* 220 Minn. 197, 201, 19 N.W.2d 324, 326 (1945). Stronger proof of good moral character and trustworthiness should be required in the reinstatement case than in the original admission. *In re Strand,* 259 Minn. 379, 380, 107 N.W.2d 518, 519 (1961). While the attorney's moral change is the "decisive" factor in considering a petition for reinstatement, this court's inquiry includes an examination of other relevant factors, including (1) the attorney's consciousness of the wrongfulness of past misconduct, (2) the time lapse since misconduct and disbarment, (3) the seriousness of the original misconduct, and (4) the presence of physical or psychological illness or pressures that were susceptible to correction.

*In re Wegner,* 417 N.W.2d 97, 98–99 (Minn. 1987). Final responsibility for determining whether an attorney should be reinstated rests solely with this court. *See In re Williams,* 433 N.W.2d 104, 107 (Minn.1988) (granting reinstatement although panel recommended against reinstatement).

This court has not before considered how the reversal of an attorney's criminal conviction affects that attorney's petition for reinstatement. At first blush, it would appear that Reutter's reinstatement is assured because disbarment was based solely on convictions that have since been reversed. A reversal, it is said, nullifies the original conviction and wipes the slate clean. *See Bullington v. Missouri,* 451 U.S. 430, 442, 101 S.Ct. 1852, 1860, 68 L.Ed.2d 270 (1981); *Burks v. United States,* 437 U.S. 1, 15, 98 S.Ct. 2141, 2149, 57 L.Ed.2d 1 (1978); *United States v. Ayres,* 76 U.S. (9 Wall.) 608, 610, 19 L.Ed. 625, 627 (1869). Immediate reinstatement on the heels of a reversal, however, ignores that a reversal, other than for evidentiary insufficiency, implies little as to the actual occurrence of the alleged underlying events.

■ While a reversal of the attorney's conviction may annul the initial basis for the disciplinary action, the reversal itself neither prompts an automatic reinstatement nor forecloses the possibility of further disciplinary action. Even when presented with the compelling circumstances of an attorney who has been exonerated by acquittal, the court has not hesitated to impose discipline for the same conduct acquitted upon by a jury. *See In re Heinze,* 233 Minn. 391, 47 N.W.2d 123 (1951); *In re Forbes,* 192 Minn. 544, 257 N.W. 329 (1934); *Miller v. Hennepin County Medical Society,* 124 Minn. 314, 316, 144 N.W. 1091, 1092 (1914) (dictum) (attorney may be disbarred upon acts acquitted upon in a criminal charge). Similarly, in the wake of the reversal of a conviction, this court and the Lawyers Professional Responsibility Board remain free to examine the entire record of the attorney's conduct, including the allegations underlying the original criminal charges and conviction, to determine whether discipli-

nary action is otherwise warranted. Regardless of whether further disciplinary action is pursued, this court must still determine the individual attorney's moral fitness to practice law. *Cf. In re Lindquist,* 310 Minn. 558, 559, 246 N.W.2d 35, 36 (1976) (granting reinstatement to attorney following full presidential pardon of conviction).

■ This case, together with the recent reinstatement of David Trygstad, presents somewhat of a dilemma. As part of his guilty plea to cocaine distribution, Trygstad cooperated with the prosecution, naming Reutter as a drug supplier and testifying to the same at Reutter's trial. *In re Trygstad,* 472 N.W.2d 137, 138 (Minn.1991). Reutter, on the other hand, denies ever having been a drug supplier, and at his trial he took the stand and so testified.

Faced with these conflicting versions of events, this court could take the position that neither Trygstad nor Reutter should be reinstated, at least until one or the other testifies differently. Recognizing, however, as Justice Holmes once observed, that the law is more than an exercise in logic, we have chosen to reinstate both men.

Whatever took place in Sioux Falls some eight years ago, Trygstad and Reutter have both paid dearly for their wrongdoing. Both are genuinely repentant, both, it has been found, have rehabilitated themselves, and both were recommended for reinstatement.

Neither this court nor the Lawyers Professional Responsibility Board is in a position to conduct an exhaustive investigation or re-examination of the facts to unearth the truth. Because the panel and the Director have not "looked behind" the convictions or the reversal, as the South Dakota Supreme Court did in its disbarment of Reutter, this court can only act upon the established facts to determine the larger truth of the matter; namely, whether the petitioning attorney has offered proof of good moral character and trustworthiness so as to render him a fit person to enjoy the confidence of the public and the courts. *Cf. In re Brown,* 467 N.W.2d 622, 624 (Minn.1991).

The Director and the Lawyers Professional Responsibility Board do not dispute that Reutter has demonstrated his present moral fitness to practice law, nor do we find any evidence of unfitness. The criminal conviction, which served as the basis for disbarment, has since been nullified and erased. Reutter has openly admitted his misconduct, acknowledged the wrongfulness of that misconduct, and expressed his remorse. Reutter's admitted misconduct, the misdemeanor offense and his use of controlled substances, occurred almost ten years ago, was not severe, and would not, of itself, have warranted disbarment. The panel concluded that Reutter was morally fit to enter the practice of law in this state, and nothing has been brought to this court's attention to dispute that conclusion. Under these circumstances, we order that Robert D. Reutter be reinstated to the practice of law in this state upon the following terms and conditions:

1. Petitioner shall take and pass the Minnesota state bar examination, including the professional responsibility portion of the bar examination;

2. Petitioner shall obtain those credits required by the State Board of Continuing Legal Education for lawyers in order to bring petitioner up to date with those skills required of a practicing attorney;

3. As a condition of reinstatement, petitioner shall remain free from conduct that would be grounds for discipline.

It is so ordered.