Paul R. DOLAN, Petitioner, Appellant,

v.

STATE BOARD OF LAW EXAMINERS, Respondent.

No. C0–90–2106.

Supreme Court of Minnesota.

April 17, 1992.

Paul R. Dolan, Lahaina Maui, Hawaii, for appellant.

Eric J. Magnuson, Rosalyn W. Otieno, Rider, Bennett, Egan & Arundel, Minneapolis, for respondent.

## OPINION

KEITH, Chief Justice.

Paul Dolan requests, for the second time, that this court reverse the Minnesota Board of Law Examiner's denial of his admission to practice law in Minnesota. The factual background of his case is set forth in our opinion issued subsequent to Dolan's first appeal to the court. *In re Dolan*, 445 N.W.2d 553 (Minn.1989).

Dolan's application for admission to practice law in Minnesota was denied by the Board of Law Examiners (Board) on the basis that he did not receive his law degree from an American Bar Association (ABA) accredited law school. Graduation from an ABA approved law school and passage of a written bar examination remains the two-pronged standard by which we judge the competence of applicants for admission to the Minnesota bar. *In re Dolan*, 445 N.W.2d at 556; Rule II A(3) and Rule II A(4).[1] Rule IV allows admission without examination based upon years of practice in another state. The Board of Law Examiners is also authorized, under Rule I B(6), to grant waivers of strict compliance with these Rules in cases of hardship or other compelling reasons.

When Dolan first appealed the Board's denial of his application to this court, we declined to serve as finders of fact, and remanded his application to the Board for a hearing and development of a complete factual record. We specifically retained jurisdiction to review the Board's recommendations in Dolan's case. *In re Dolan*, 445 N.W.2d at 555, 558.

The Board of Law Examiners held a formal hearing in December of 1988, at which the following issues were specifically addressed: (1) whether compelling circumstances existed which made a waiver of the educational requirements appropriate; (2) whether there were hardship grounds upon which to justify recommending waiver; and (3) whether the applicant had demonstrated competence.[2] On August 27, 1990, the Board issued its findings of fact, conclusions of law and determination that Dolan had failed to establish a basis upon which to grant a waiver of the educational requirements of Rule II A(3). The Board concluded:

1) Although Petitioner has been a licensed attorney since 1977, and spent five years as a public defender, his law practice from 1984 until 1989 was part-time and sporadic, consisting of occasional criminal court appointments in Hawaii and California, a few private cases, and a brief period of time in service as a traffic court referee.

2) Petitioner has failed to show that either hardship reasons or compelling circumstances exist upon which to base a waiver of the Board of Law Examiners Rule II(A)(3) requirement of graduation from an accredited law school as a prerequisite for admission to the Bar of Minnesota.

3) Petitioner has failed to prove any special competence or to show that there was anything extraordinary or unique about his practice.

State of Minnesota, Minnesota Board of Law Examiners, Findings of Fact, Conclusions of Law and Determination.

The conclusions of the Board of Law Examiners are given great deference.

In almost every case, [the recommendations of the Board of Law Examiners] stand.... [W]e review the record and

---

1. The Rules provide: "An applicant is eligible for admission to practice law upon establishing to the satisfaction of the Board: ... (3) graduation with J.D. or LL.B. degree from a law school which is provisionally or fully approved by the American Bar Association; (4) passing score on a written examination or qualification under

Rule IV." Rules of the Supreme Court and of the State Board of Law Examiners for Admission to the Bar, Rule II A(3) and II A(4).

2. Dolan's character and fitness to practice law was also under investigation by the Board but was beyond the scope of the December hearing.

the Board's findings independently, for the ultimate determination of admission to the Bar is reserved to this court alone, and we may not delegate that power. However, we give great weight to the Board's findings in reaching our independent conclusion. We rely on the conscientious, informed and unstinting efforts of the members of the Board and on their opportunity to observe the witnesses. Only with greatest reluctance do we come to a conclusion other than that which the Board recommends.

*In re Zbiegien*, 433 N.W.2d 871, 874 (Minn. 1988) (citations omitted); *see also In re Brown*, 467 N.W.2d 622, 624 (Minn.1991).

We almost never grant waiver of the educational requirements. *See In re Busch*, 313 N.W.2d 419 (Minn.1981); *In re Hansen*, 275 N.W.2d 790 (Minn.1978). Reliance upon the ABA accreditation standard is our only practical assurance that the legal education of a prospective attorney has sufficiently prepared the individual applicant for legal service. For reasons set forth in *Hansen*, we do not undertake substantive evaluation of law schools and we choose to rely instead upon the expertise of the ABA and its accreditation process. We have neither the resources nor the expertise. *See id.* at 797. Rule I B(6), however, does provide for a waiver of strict compliance with the rule in case of hardship or other compelling circumstances.

In this case, the Board conducted a careful and thorough investigation of Dolan's petition for a Rule II A(3) waiver. Their investigation included a formal hearing at which Dolan was free to introduce evidence of hardship or other compelling reasons. The Board concluded that Dolan failed to show that there were either hardship reasons or other compelling circumstances upon which to base a Rule II A(3) waiver. Our review of the entire record provides us with no reason to reject the conclusions of the Board of Law Examiners. We deny the petition for waiver.

Dolan urges the Court to adopt a blanket rule that applicants who have been admitted to legal practice in another state for five out of the last six years should also be admitted to practice in Minnesota. While such a rule would cut down on the administrative burden of individualized review, we decline to adopt it. The rationale behind our stringent requirements for admission to practice law in the state is to ensure that "members of the bar are worthy of public trust with regard to their professional competence." *In re Busch*, 313 N.W.2d at 421. We will not delegate this responsibility to another state.

Because we deny Dolan's petition for failure to establish adequate grounds upon which to grant a waiver of the educational requirements of Rule II A(3), we do not reach the character and fitness issue raised on appeal.

Petition denied.