[No. 3864.]

## CORYELL v. LAWSON.

1. CONSTITUTIONAL LAW—*Imprisonment for Debt.* Sec. 12 of art. II of the constitution is not self-executory.

2. STATUTES—*Penal—Construction.* A statute authorizing imprisonment for a civil liability is strictly construed.

3. IMPRISONMENT FOR TORT—*Verdict.* Action for an assault and battery. The jury found defendant guilty, awarded exemplary damages, and declared the defendant "guilty of evil intent," not expressly declaring that such evil intent existed in the commission of the tort. *Held* that an order for the arrest and commitment of the defendant was unwarranted. The statute (Rev. Stat., sec. 3024, 3025) requires that the jury should state in their verdict that "in committing the tort" the defendant was "guilty of malice," etc.; and the court is not warranted in reading into the verdict a statement of fact which the statute requires from the jury itself.

*Held* further, that in view of Rev. Stat., sec. 2067, the award of exemplary damages was without effect to enlarge the finding of evil intent.

4. INSTRUCTIONS—*Construed.* Action for an assault and battery, the complaint alleging malice, and demanding execution against the body. The answer denied malice. The court directed the jury to state in their verdict whether defendant, in committing the tort, was "guilty of either malice or evil intent." *Held* that the phrase "evil intent" was not intended by the court, or accepted by the jury, as a synonym of malice; and, not being contained in the statute, it was error to direct a finding thereon.

5. DAMAGES—*Exemplary.* Under Rev. Stat., sec. 2067, an award of exemplary damages for a wrong to the person may be upheld if the defendant inflicted the injury in wanton and reckless disregard of plaintiff's rights, though malice was entirely wanting.

*Error to Garfield District Court.* HON. JOHN T. SHU-MATE, Judge.

Mr. C. M. DARROW and Mr. J. M. CATES, for plaintiff in error.

Mr. WM. J. KERR and Mr. D. M. CAMPBELL, for defendant in error.

HURLBUT, J., rendered the opinion of the court.

Action begun December 10, 1904, by defendant in error as plaintiff, against plaintiff in error, to recover for injuries occasioned by gunshot wounds inflicted upon the former by the latter. Plaintiff recovered judgment, followed by an order of imprisonment, based upon secs. 3024-5, Revised Statutes. A writ of error was sued out to review these proceedings, and the supreme court granted a supersedeas. The case is here by virtue of an act of the legislature, Session Laws 1911, page 266 *et seq.* There is no bill of exceptions in the case, and we have for consideration only the record proper, as certified by the clerk of the court.

The complaint charges that on May 28, 1904, in Newcastle, county of Garfield, defendant committed an assault upon plaintiff, by firing upon him with a gun, thereby permanently injuring him, and that defendant made said assault under circumstances attended by malice and wanton and reckless disregard of plaintiff's rights. The prayer of the complaint asked for execution against the body of defendant. The answer formed issues upon all the allegations of the complaint. The jury returned the following verdict against defendant, *viz:*

"We, the jury, duly impaneled and sworn in the above entitled cause, do on our oaths, find the issues joined herein in favor of the plaintiff, and assess his damage as follows:

"Doctor bills, nurse bills and medicine......$  350
"For loss of time of plaintiff...............  400
"Exemplary damages.......................  250
"General damages......................... 1,000

"and therefore find $2,000 as the sum total of the damages to which plaintiff is entitled herein; and we further find that said defendant was guilty of evil intent."

One question necessary to be considered is that

raised by the assignments of error, pertaining to the validity of the order of commitment and sufficiency of the verdict to warrant the same. The sections referred to read as follows:

"3024. In any civil action pending or hereafter begun in any court of record or before any justice of the peace, where it shall appear from the summons and other papers in the cause, that the action is founded upon tort. and upon trial of the said cause the finding shall be in favor of the plaintiff or plaintiffs, and the verdict of the jury or the finding of the court, if tried without a jury, shall state that in committing the tort complained of, the defendant or any one or more of the defendants if there be more than one, was or were guilty of either malice, fraud or wilful deceit, then, and in any such case, the plaintiff may have execution as hereinafter provided against the body of any defendant against whom such finding was had or any judgment rendered on any finding as aforesaid; Provided, That in no case shall an execution issue against the body of a person when the person shall have been convicted in a criminal prosecution for the same wrong.

"3025. If the finding of the court or jury, as the case may be, in any such action, shall contain a statement as is provided in section four of this act, it shall be the duty of the court or justice of the peace before which such case shall be tried, to enter upon its or his docket, in the discretion of the court, according to the aggravation of the circumstances as proved at the trial, the term for which a defendant or defendants may be committed to jail on a writ of execution against the body in such case. Such term not to exceed one year in any case, and the execution and mittimus shall state the time so fixed by the court; Provided, That no execution shall issue against the body if the amount of the judgment shall have been paid, and that any person committed to jail by such

process shall be released therefrom at once, upon the payment of such judgment.''

In the original act of 1877 these two sections are designated as sections 4 and 5 respectively.

It will be noticed (sec. 3024) that in order to authorize an order for arrest and imprisonment it is necessary for the jury to *state* in their verdict "that in committing the tort complained of, the defendant * * *. was * * * guilty of either malice, fraud or wilful deceit." It is strenuously urged by plaintiff in error that, because of the failure of the verdict to contain the words "that in committing the tort complained of," the order of commitment was void, unwarranted, and of no effect.

The statute is highly penal in its nature, as it contemplates imprisonment for debt. Such statutes are universally held to be penal, and require a strict construction in their interpretation. In *Hathaway v. Johnson,* 55 N. Y., 93, 14 Am. Rep., 186, an order for the arrest of defendant was granted. It appears that the order was founded upon fraudulent representations made by an agent of one who was charged as principal. The court of appeals set aside the order, saying:

"The act of April 26, 1831, 'to abolish imprisonment for debt, and to punish fraudulent debtors,' abrogated the system under which an innocent debtor, whose only fault might be his inability to pay his debts, could be deprived of his liberty and imprisonment at the instance of the creditor. It was a system of great severity, fruitful of oppression; and its abolition was demanded by public sentiment, influenced by the growth of more just and humane views of the respective rights of creditors and their debtors. * * *

"Statutes authorizing arrest and imprisonment for debt, although remedial in that they are designed to coerce, by means of the imprisonment, the payment of the creditor, are also regarded as penal, and ought not

to be extended by construction so as to embrace cases not clearly within them."

Section 12 of article 2, of the Colorado Constitution, reads as follows:

"That no person shall be imprisoned for debt, unless upon refusal to deliver up his estate for the benefit of his creditors in such manner as shall be prescribed by law, or in cases of tort, or where there is a strong presumption of fraud."

It will be seen from the language of this section that it is not self-executing, but that, in order to justify the arrest and imprisonment of one who has committed a tort, it requires a statute of the legislature or other law-making power.

The sections above quoted first appeared in the General Laws of 1877, pages 573-4, and have been retained in the statutes to the present time. Of the sections quoted, sec. 3024 provides that if the verdict *states* "that in committing the tort complained of" the defendant was guilty, etc., execution against the body may issue. In sec. 3025 it is provided that if the verdict contains *such* statement body execution may issue, etc. Upon this point the verdict merely recites that "defendant was guilty of evil intent," entirely omitting to state that such evil intent was present while the tort was being committed. If this statute must be considered penal and strictly construed (of which we think there can be no question) then the order of arrest issued by the district court was void and did not warrant arrest and imprisonment thereunder. We think the legislature only intended to permit imprisonment for tort in a case where the verdict contained a recital of those facts which the act required to be stated therein. It is true that the verdict found $250 exemplary damages, but this does not necessarily imply that the jury found defendant guilty of malice, fraud or wilful deceit, because in sec. 2067, Revised Stat-

utes, on which the action for exemplary damages is based, we read:

"That in all civil actions in which damages shall be assessed by a jury for a wrong done to the person, * * * and the injury complained of shall have been attended by circumstances of fraud, malice or insult, or a wanton and reckless disregard of the injured party's rights and feelings, such jury may * * * award him reasonable exemplary damages."

From this it will be seen that that part of the verdict assessing exemplary damages could be upheld if malice, fraud or insult, were entirely wanting. It would be sufficient if the jury believed that the injury inflicted on defendant was attended by circumstances showing a wanton and reckless disregard of his rights and feelings. Defendant himself, in his answer, denies that he ever committed any wrong toward plaintiff through malice or ill will, and avers that at no time had he ever harbored any ill will or malice toward him, and further, that he assaulted plaintiff because he believed he was in danger of bodily injury from him, and made the assault in self-defense, as he believed. The evidence is not before us, and while we must assume that it was sufficient to support the verdict returned, we are not warranted in assuming that the jury found therefrom that evil intent on the part of defendant was manifested *at the time of the assault*. If such were the fact, the legislature made it the imperative duty of the jury to so find, and to state the same in their verdict. This the jury did not do. In construing this penal statute the court is not warranted in reading into the verdict any statement of facts which the law required the jury itself to incorporate therein, at least not in a case where it is necessary to do so in order to justify imprisonment of a debtor.

While we have been unable to find any authority upon the exact point under consideration, there are in-

numerable cases in the reports founded upon analogous penal statutes, which authorize arrest and imprisonment for debt in cases where the debtor has been guilty of fraud in concealing property; in contracting the debt; in attempting to conceal or remove his property with the intent to defraud creditors, and the like. The general trend of the rulings in such cases is that such statutes are penal and must be strictly construed in the interest of the debtor sought to be imprisoned. In many of the states so holding, the warrant of arrest is founded solely upon statutory affidavits wherein certain matters are required to be specifically *stated* as a basis for arrest. In such cases the courts seem to invariably rule that a failure to state in the affidavit those matters specifically required by the statute renders the warrant of arrest and imprisonment based thereon absolutely void and affords no justification to the officer acting thereunder.

In *Spice & Son v. Steinruck,* 14 Ohio St., 213, defendant in error was arrested at the instance of plaintiff in error, and the proceedings were based upon a statutory affidavit. The law required that the affidavit should contain a "statement of the facts claimed to justify the belief in the existence of the particular fraudulent act set forth" as a condition precedent to the right to issue the order of arrest. The affidavit failed to state such matters. Counsel urged that such requirement was merely directory, but the court held such contention untenable. The arrest was held unlawful, the court saying:

"We can by no means assent to the position of counsel for plaintiff in error, that the last clause is *directory and not jurisdictional,* and that its entire omission would not render the arrest under it void, but merely voidable. The legislature has seen fit to declare that the affidavit to authorize the order, *shall* contain such statement. It is made a condition precedent to the right to

issue the order, and one with which the courts have no right to dispense. * * *

"These authorities very clearly indicate, that a total omission, as in the case at bar, to state the facts inducing the belief in the existence of the particular set forth in the affidavit, when such statement is required as a predicate of the order, renders the order itself illegal and void for want of jurisdiction in the justice to issue it, at least as between the parties to the proceedings. * * *

"The authorities cited, and a just and proper regard for personal liberty, constrain us to hold, that where a creditor seeks to arrest his debtor under section 20 of the Justice's code, he must comply with all the conditions thereby prescribed, and must, therefore, state in his affidavit, among other things, 'the facts claimed to justify belief in the existence' of the fraudulent act and intention set forth as a ground for the order. That until this is done, the justice has no legal authority to issue such order, and that an arrest under an order unsupported by such an affidavit, will be held void in whatever form the question may arise."

The case just cited is well considered and cites many authorities sustaining its ruling.

*Thatcher v. Powell,* 6 Wheaton, 30, 5 L. Ed., 221, was an action in ejectment, in which certain questions arose as to the validity of an order of the lower court based upon a statute concerning tax proceedings. The court held that the statute authorizing such an order must be strictly followed or the order would be void. The court, speaking through Chief Justice Marshall, said:

"In summary proceedings, where a court exercises an extraordinary power, under a special statute prescribing its course, we think that course ought to be exactly observed, and those facts especially which give jurisdiction, ought to appear, in order to show that its proceedings are *coram judice.*"

We are of the opinion that the omission from the

verdict of the words "that in committing the tort," renders the order of arrest based thereon void, and that the trial court fatally erred in issuing the same.

The record presents another situation which tends to a fair presumption that the jury found the defendant was not guilty of malice, *viz.:* The following instruction was given by the court:

"The court instructs the jury that this is an action founded upon tort, and if you in your verdict find for the plaintiff you shall state in your verdict if in committing the tort complained of the defendant was guilty of either malice or evil intent."

This instruction was erroneous, as the words "or evil intent" are not in the statute, and the court should not have added them. The verdict of the jury closed with the words, "and we further find that said defendant was guilty of evil intent."

Considering the instruction and that portion of the verdict quoted, we reach the conclusion that the jury purposely found that the defendant was not guilty of malice, but was guilty of evil intent. The jury was enjoined by the instruction to find whether or not the defendant was guilty of either malice *or* evil intent. It is evident from the record that no question of fraud or wilful deceit was involved in the issues of the case, and the jury having found that defendant was not guilty of malice, it is apparent that neither the court, in giving the instruction, nor the jury, in returning the verdict, considered the phrase "evil intent" as a synonym of the word "malice," which left nothing in the verdict upon which could be predicated the order of arrest.

It will be unnecessary to notice other assignments of error discussed, as those already alluded to determine this case. The judgment will be reversed.

*Judgment Reversed.*

Decided January 12, A. D. 1914. Rehearing denied, March 9, A. D. 1914.