## No. 14,110.

PEOPLE EX REL. ATTORNEY GENERAL *v.* EDISON.
(69 P. [2d] 246)

Decided June 1, 1937.

Mr. Byron G. Rogers, Attorney General, Mr. Walter F. Scherer, Assistant, for petitioner.

Mr. Philip Hornbein, Mr. Charles T. Mahoney, Mr. Ralph L. Carr, Mr. Jean S. Breitenstein, for respondent.

*En Banc.*

Mr. Justice Hilliard delivered the opinion of the court.

A proceeding in disbarment. It was charged in the petition that in the United States District Court for the Western District of Oklahoma, respondent, an attorney of our bar, was indicted for the crime of perjury; that to the charge she entered a plea of nolo contendere, upon which she was ordered committed to a federal institution for women for one year and a day, but the order was suspended during respondent's good behavior for one year. Answering, respondent admitted the return of the indictment, her plea of nolo contendere, the sentence imposed pursuant thereto and suspension thereof, all as charged; but she denied her guilt of the crime of perjury in the matter of the indictment, and said she entered the plea of nolo contendere on the advice of counsel of the Colorado and Oklahoma bar. Further answering, respondent alleged that since her admission to the bar (1929) she had conducted herself in an honest, ethical and lawyerlike manner; that she was innocent of the offense set forth in the indictment, and proffered to make full disclosure of all facts and circumstances having to do with the testimony she gave in a criminal trial in the Oklahoma federal court, on which the indictment against her was predicated.

Considering the issues, and notwithstanding the implications of respondent's plea, we were impelled to the view that the law did not preclude, and justice required, inquiry in due course as to the truth of the charge of perjury against her, and generally as to her demeanor as a member of the bar; to that end we referred the matter to the Denver district court, with instructions to take testimony and make findings of fact to be returned for our further consideration. That court, Hon. George F. Dunklee, presiding, proceeded as directed, took the evidence of witnesses called, including respondent, and has submitted a transcript thereof, together with its findings. The sum of the findings is that respondent entered the plea of nolo contendere on the advice of counsel, which, the circumstances considered, conforming to her answer in that regard, the court said was warranted; that the respondent was not guilty of perjury as charged in the indictment preferred against her, and that she has not otherwise offended as a member of the bar.

It appears that in the forum of the indictment, another Denver attorney had been prosecuted on a charge of conspiracy to kidnap; that in the course of his trial respondent testified in his behalf, her testimony having to do with the existence, amount and denominations of currency, which she testified that on a given date, in the prosecuted lawyer's office and at his request, she and that lawyer's secretary examined and counted; that on the theory respondent testified falsely in the matter, she subsequently was indicted in the same court for perjury, and out of that indictment and her plea of nolo contendere thereto, has come the present proceeding; that at the hearing conducted by the district court herein, the respondent testified as at the trial to which we have adverted, and that none of her statements, as she further testified, was false; that apparently she testified fully and frankly, and her story was corroborated by the secretary of the lawyer who was prosecuted in the conspiracy to kidnap case, but who, because of illness, did not testify at that trial;

that many prominent members of the Colorado bar, among them a distinguished and widely and favorably known woman attorney, testified to respondent's good reputation as a woman, and her uprightness and altogether ethical conduct as a member of the bar. None appeared to say otherwise, and only inferentially from the indictment against her and her plea thereto, was there aught to indicate she was guilty of perjury.

It further appears that although respondent always insisted she was not guilty of the perjury charge preferred, her attorneys, reputable and capable practitioners, themselves believing her to be innocent, but sensing what they conceived to be a menacing prejudice in the community of the forum of her trial, if trial there should be, and convinced that notwithstanding respondent's innocence in fact, there was grave danger she would fare illy at the hands of a jury chosen in the circumstances necessarily to obtain, advised her to enter a plea of nolo contendere, which the government was willing to accept; that her attorneys further advised her that other than in the case where entered, such a plea is without effect and does not foreclose as to the fact. Respondent acted on such advice, entered the suggested plea and the consequences indicated followed.

The plea of nolo contendere entered in the forum of the indictment, while effective for sentence there, was not otherwise or elsewhere conclusive: "When accepted by the court, it becomes an implied confession of guilt, and, for the purposes of the case only, equivalent to a plea of guilty, * * *. The difference between it and a plea of guilty appears simply to be that, while the latter is a confession binding defendant in other proceedings, the former has no effect beyond the particular case." 16 C. J. 404, §739. See *United States v. Lair*, 195 Fed. 47; *Tucker v. United States*, 196 Fed. 260. We think, therefore, that for the purposes of this inquiry—clearly of vital concern to her—respondent was entitled to plead denial of the charge to which she theretofore had entered a plea

of nolo contendere, as well as any reasonable explanation she might have to present concerning the plea, and to support her allegations with evidence. *People ex rel. v. Brayton,* 100 Colo. 92, 65 P. (2d) 1438; *People ex rel. v. Burton,* 39 Colo. 164, 88 Pac. 1063, 121 Am. St. Rep. 165. The showing made by respondent and her witnesses convinced the trial court that she was not guilty of the charge made against her in the Oklahoma federal court, and that the circumstances under which she was prompted to enter nolo contendere overcame any adverse implications which might otherwise attend such a plea. The record does not justify a different conclusion at our hands. It follows that respondent's answer to the order to show cause should be sustained and the proceeding dismissed. Let it be so ordered.