No. 16,450.

FANSTIEL *v.* WRIGHT.
(222 P. [2d] 1001)

Decided October 2, 1950.

Mr. EDWARD H. SHERMAN, Mr. MAX M. GLASTON, for plaintiff in error.

Mr. M. M. RINN, Mr. WADE P. CONNELL, Mr. LYMAN P. WELD, for defendant in error.

*En Banc.*

MR. JUSTICE STONE delivered the opinion of the court.

WRIGHT, as plaintiff, obtained judgment below against Fanstiel in an action grounded in negligence and, pursuant to determination by the jury that in committing the tort complained of, defendant was guilty of negligence consisting of a reckless disregard of the rights and safety of others, execution was ordered against the body of defendant for a period of one year.

Review of the judgment is sought on specification of error in the giving and refusing of instructions, and of prejudicial argument to the jury; and review of the order for body execution is sought on the ground that there was no evidence to justify it.

As to the instructions given, the abstract of record fails to disclose the specific grounds and objections interposed in the trial court so that, as we have fre-

quently held, error is waived and we should not give the matter consideration except in case of grave injustice. It is principally urged that under its instructions the court failed properly to submit to the jury issues of contributory negligence and unavoidable accident, but no evidence is called to our attention, and careful reading of the abstract fails to disclose any evidence requiring submission of either of those issues to the jury. Instruction No. 5, which is here challenged, was not a correct statement of the applicable law, but, although plaintiff in error states in his brief that objection was made to this instruction on the ground that it "was not a true statement of the law," the record shows no such objection and, even if made, it would not have been sufficient. A careful reading of the requested instructions refused by the court fails to disclose any abuse of discretion in their rejection.

 The abstract contains no showing of improper argument. It appears from the record that at the close of the trial, after instructions had been given and argument made, and the jury had retired, counsel for defendant made the following statement: "Object to the argument of counsel where he stated to the jury in his argument that the defendant owns a farm and likewise where he stated that he needs the jury to answer 'Yes' to the interrogatory because without it any judgment they might get would be useless, or words to that effect. We claim that either of these and both of them constitute such error as to justify a new trial, and this objection is made with timely application to the Court." The court apparently construed this belated objection as a motion for a mistrial, and denied it as such. Assuming that the objection was in fact timely, we find nothing in the statement, that defendant owned a farm, so prejudicial as to require the granting of a new trial. The second statement, if made, would not be prejudicial as to the verdict, but only as to the application for execution against the body, and, in view of our de-

termination of that question, any discussion as to its prejudicial effect becomes idle here.

■ ■ The challenge to the sufficiency of the evidence to require submission to the jury of the question of defendant's guilt of reckless or willful disregard of the rights or safety of others, presents a more serious question. The statute '35 C.S.A. c. 93, sections 73, 74, authorizing imprisonment for civil liability is penal in its nature and requires strict construction. *Coryell v. Lawson,* 25 Colo. App. 432, 139 Pac. 25. Negligence, in its generally accepted meaning, is the negative of attention —the failure to give attention to the character or probable consequences of an act or omission. Negligence consisting of a reckless disregard of the rights or safety of others, as required by the statute, involves more than that. To be so classified, conduct must negative both attention and concern; it must demonstrate indifference as well as inattention to consequences which may result. *Millington v. Hiedloff,* 96 Colo. 581, 45 P. (2d) 937. "Reckless," as the word is used in the statute, is equivalent to "wanton."

The requirements of the statute, we think, are well stated in Restatement of the Law—Torts, page 1293, chapter 19, section 500: "The actor's conduct is in reckless disregard of the safety of another if he intentionally does an act or fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize that the actor's conduct not only creates an unreasonable risk of bodily harm to the other but also involves a high degree of probability that substantial harm will result to him." This definition has been approved in numerous jurisdictions. *In re Whitlatch,* 60 Cal. App. (2d) 189, 140 P. (2d) 457; *People v. Young,* 20 Cal. (2d) 832, 129 P. (2d) 353; *Wright v. Carey* (Tex. Civ. App.), 169 S.W. (2d) 749; *Universal Concrete Pipe Co. v. Barrett,* 130 Ohio St. 567, 200 N.E. 843; *Reilly v. Philadelphia,* 328 Pa. 563, 195 Atl. 879. "Reckless disregard" has elsewhere

been defined as meaning an act destitute of heed or con-
cern for consequences, especially foolishly heedless of
danger; headlong, rash; without thought or care for con-
sequences. *R. J. Reynolds Tobacco Co. v. Newby*
(C.C.A.), 145 F. (2d) 768.

■ There is surprisingly little conflict in the testi-
money. In brief summary, it discloses that plaintiff was
a patrolman on the Longmont police department. On a
rainy evening in September, he was called to go to the
scene of a fire alarm on the main business street of the
city. The street is 68 feet wide. On each side cars were
parked diagonally and behind such cars there was room
for two lines of cars on each side of the center line.
Plaintiff found the fire truck parked behind the diag-
onally-parked cars, on the west side of the block, about
184 feet from its south line. In order to protect the
firemen in removal of equipment from their truck,
plaintiff attempted to enforce one-way traffic through
the block. After he had permitted north-bound traffic
for a time, he attempted to change to south-bound traffic
and stopped the two front cars which had been approach-
ing from the south in the line west of the parked cars,
and proceeded up the center line to start traffic from the
north. Meantime, defendant and his wife, on their way
home from Denver to the vicinity of Fort Collins, in a
pickup car, came along the street and followed other
cars entering the block. In evident ignorance of the fact
that traffic going north had been stopped by the patrol-
man, he proceeded along the inside or center lane on his
right side of the street past the line of double-parked
cars to go through the block. He failed to see the patrol-
man who stood facing north in the approximate center
of the street and struck him with the left fender of his
car. There was no evidence of speeding. Defendant
stopped immediately and assisted in picking up plaintiff
who was lying on the pavement across the center line.
A car which had started south through the block was
just opposite defendant when the accident occurred and

the driver testified that defendant's car was over on the east side of the center line at the time of the accident. There was no evidence to the contrary other than testimony that plaintiff's flashlight and eyeglasses were found a foot west of the line.

The evidence patently justified submission of the issue of negligence to the jury, but contained no showing of "reckless or willful disregard of the rights or safety of others" to warrant submission to it of that issue.

Accordingly, the judgment is affirmed insofar as the recovery is concerned, and reversed as to the part awarding execution against the body of defendant and ordering him imprisoned.