No. 17,081.
BRUCE, SECRETARY OF STATE *v.* LEO.

No. 17,082.
BRUCE, SECRETARY OF STATE *v.* HOLESWORTH.
(267 P. [2d] 1014)

Decided March 8, 1954.

Mr. DUKE W. DUNBAR, Attorney General, Mr. H. LAWRENCE HINKLEY, Deputy, Mr. CHARLES M. SOLLER, Assistant, for plaintiff in error.

Mr. JOHN M. BOYLE, Mr. MACK WITTY, for defendant in error Leo.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

THE two cases included in the title are identical and have been consolidated for disposition; however, defendant in error Holesworth, not desiring to contest or participate further, his name has been omitted from the discussions of counsel for defendant.

The case as presented involves construction of the liquor code of 1935, and, as amended is now to be found as S.L. '41, p. 517, §1—20 (a). Under this code plaintiff in error, Secretary of State, is charged with the administrative duties connected with, and the enforcement of, the code, and is designated as state licensing authority with power to grant, suspend and revoke licenses for the manufacture and sale of alcoholic liquors.

About January 1, 1952, defendants in error, Leo and Holesworth, were duly licensed to sell alcoholic liquors in the State of Colorado. Leo was issued a hotel and restaurant license entitling her to sell alcoholic liquors by the drink, and Holesworth was issued a retail liquor store license entitling him to sell alcoholic liquor in sealed containers. On March 17, 1952, the district attorney of Chaffee county, where defendants in error's businesses were located, filed separate criminal informations in the district court of that county charging each defendant with the unlawful sale of alcoholic liquor to minors. Upon arraignment, both defendants entered separate pleas of nolo contendere to the charges, and on March 31 thereafter, the court entered its order and judgment, similar in both cases, as follows:

"This Cause coming on for hearing on this 31st day of March, A. D. 1952, and the Defendant, Flora Leo, appearing by her attorneys of record, John M. Boyle and Mack Witty, and having previously entered a plea of nolo contendere to the charge as stated in the Information as filed herein on the 17th day of March, A. D. 1952, and the Probation Officer having reported his findings herein recommending that a minimum fine be imposed, and that the liquor license not be suspended, and further reporting that the character, reputation and standing of the Defendant in the community is excellent, and that he has heard nothing to the contrary, and the Deputy District Attorney, William S. Rush, agreeing that leniency is in order, and the sum of Fifty Dollars ($50.00) and costs having been paid into the registry of this Court;

"It Is Therefore Ordered, Adjudged and Decreed That the plea of nolo contendere be accepted in this case and the case be removed from the docket.

"Done and signed in open Court this 31st day of March, A. D. 1952."

On April 2 and 7, each defendant paid the fine so assessed and the costs into the registry of the court.

The court record of the criminal prosecution is not before us; however, the stipulations and the record of the present case discloses an oddity in the procedure of the criminal case in that the only judgment shown is that of an acceptance of the plea of nolo contendere and is silent as to the penalty imposed in the sum of fifty dollars. This so-called order and judgment is dated March 31, 1952; however, the stipulation shows that defendant paid fifty dollars and costs into the registry of the court on April 2, 1952. Since all the parties have treated this order as a judgment, we will so accept it for the purposes of this case.

On April 21, 1952, the then Secretary of State issued and had served upon both defendants an order to show cause and notice of hearing. The substance of the order appears in the record; however, the full text thereof does not appear, but is quoted in the brief of defendants in error and not objected to by plaintiff in error, and is as follows:

"State of Colorado

George J. Baker

Secretary of State and

Ex-Officio State Licensing Authority

"State of Colorado      } ss:    Order to Show Cause
City and County of Denver }    and Notice of Hearing

"In the Matter of Complaint
In re: Flora Leo
    dba Leo's Cafe and Bar         Beer, Wine and Spirit-
    128 West 1st Street            uous Liquor License No.
    Salida, Colorado             G-268

"Whereas it has been made to appear to the Secretary

of State of the State of Colorado, as Ex-Officio State Licensing Authority, that you have violated the law and/or the rules and regulations of the State Licensing Authority governing your permit in the following particulars:

"It has been made to appear that you were found guilty of a violation of a liquor law in a Court of Record, same being the District Court, Chaffee County, Colorado.

"Section 25, para. (c), Article 2 of the Colorado Liquor Code of 1935 provides that 'No license provided by this Article shall be issued to or held by any person who has been convicted of a felony or of any violation of any liquor law in any federal or state court of record in the state of Colorado.'

"Now Therefore, you are hereby ordered to appear before me at my office in the State Capitol Building, Denver, Colorado, on Monday, the Fifth day of May, A.D. 1952, at the hour of 10 o'clock A. M. or as soon thereafter as you can be heard, to *show cause* why your said license above described should not be suspended or revoked as by law provided.

"It is Further Ordered, that the license be and hereby is suspended from this date for a period not exceeding 15 days from the date hereof, or until further order herein within said period.

"It is Further Ordered, that a copy of this order and notice shall be mailed or delivered to the above named licensee.

"In Witness Whereof, I have hereunto set my hand and seal of my office this Twenty-First day of April A.D. 1952.

" (Seal)

"Geo. J. Baker
George J. Baker
Secretary of State and
Ex-Officio State Licensing
Authority."

Defendants in error, on May 2, 1952, filed their com-

plaints, which constitute the basis of this action, where it was admitted that they had pleaded nolo contendere; they contended that they had not "been found guilty of a violation of a liquor law in a court of record in the State of Colorado;" they further alleged that they were before the court under the allegations in a liquor violation complaint in a criminal proceeding and upon enterting pleas of nolo contendere, subjected themselves to any and all penalties set forth in the liquor code, including the revocation of license; other allegations concerning equal protection of the laws; further that the court trying a defense under a liquor code has the power to revoke a liquor license, and the same power is given to an administrative body, and thus the power to review and overrule final judgment of a court of record. On these allegations, they prayed for a temporary restraining order enjoining further action with regard to the revocation or suspension of their licenses and for an order reinstating the licenses. Temporary restraining orders were issued without notice and after answer was filed by the licensing authority, the hearing was held, and the matter was decided on a stipulation of fact. In due course, after hearings, a permanent injunction was issued on December 17, 1952, the effect of which was to restrain and enjoin plaintiff in error from proceeding further on the notice to show cause.

It is suggested by counsel for defendant in error that since at no time following January 1, 1953, has the contending defendant in error held a liquor license, or any other license under the liquor code of 1935, that the case has become moot. We have said, "No opinion is necessary in cases that become moot after reaching the reviewing court," however, the Attorney General, appearing for plaintiff in error, insists that these cases involve questions of great public importance; of constitutional rights; are of a recurring nature; and therefore, even if technically moot, a decision should be had herein, and we agree that these cases do fall within the doctrine

announced in *Van DeVegt v. County Commissioners,* 98 Colo. 161, 55 P. (2d) 703, wherein we said, inter alia, "A case is not moot where interests of a public character are asserted under conditions that may be immediately repeated, merely because the time for a particular order has expired. * * * The problem here is of prime public concern and a continuing one." In harmony with the Attorney General's suggestion, we proceed to a determination of the main question involved, which presents no little difficulty.

While other interesting questions are presented, we believe the important and controlling one is: That the state licensing authority cannot utilize the plea of nolo contendere at a hearing called by him as evidence of a conviction of a violation of the liquor law.

At the outset, the wording of the order to show cause issued by the Secretary of State must be taken into consideration. The introductory portion of the order appears to be that of a form for use in all cases, because it relates to the possible violation of a rule or regulation of a licensing authority, which is not here involved. The second, or charging, part of the order is based squarely upon the results of the case prosecuted in the district court in which the plea of nolo contendere was entered. This indicates a reliance upon the record in that case to support the action of the licensing authority, and in the words of the licensing authority thus set out, "* * * you were found guilty of a violation of the liquor law in a court of record * * *."

The Attorney General, on page 18 of his brief, states, "The State Licensing Authority could not, however, utilize at such hearing the pleas of nolo contendere as evidence of such sales nor as conclusive admissions of their guilt thereof, without running counter to *People ex rel. v. Edison,* supra. [100 Colo. 574, 69 P. (2d) 246.]" However, he further contends that the licensing authority can show the plea, if they show it, together with the sentence imposed. He also contends that the plea of nolo

contendere, followed by sentence, results in a conviction for use in the application of statutory liabilities, and that such plea and sentence do result in a conviction under the laws licensing the sale of alcoholic liquors as here involved.

While there is considerable authority elsewhere in support of the Attorney General's position that after sentence is imposed it becomes a conviction; however, this jurisdiction is committed to the proposition that the plea of nolo contendere, while effective for sentence in the case where entered, is not otherwise or elsewhere conclusive. *People ex rel. v. Edison,* 100 Colo. 574, 69 P. (2d) 246. The licensing authority here clearly took the position, when it issued its order, that defendant in error had been found guilty and that is the premise upon which the order was based. If the charge indicated in the order was to be followed in the hearing, then the licensing authority, having prejudged the question to the effect that defendant was found guilty of a violation in a court of record, and was, in effect, used by the licensing authority as making a prima facie case, and where this court has distinctly said that the plea of nolo contendere has no effect beyond the particular case, as appears in *People ex rel. v. Edison, supra,* then it follows that any hearing on the order based upon such plea would be ineffective and the action of the trial court in enjoining such procedure was proper. If the plea itself could not be used in any collateral matter, it follows that anything growing out of that plea, such as a sentence, could not be used as a conviction if the plea of itself is deprived of that classification.

The judgment is affirmed.