Rockingham,
No. 4500.

STATE *v.* ROBERT L. STAPLES.

Argued June 6, 1956.

Decided July 6, 1956.

*Louis C. Wyman,* Attorney General, *Elmer T. Bourque,* Assistant Attorney General and *Lindsey R. Brigham,* county solicitor (*Mr. Bourque* orally), for the State.

*McCabe & Fisher* and *Harold D. Moran* (*Mr. Moran* orally), for the defendant.

GOODNOW, J. In 1950, the statute with which this action is concerned (R. L., c. 118, s. 16) provided as follows:

"INTOXICATION. Any person who shall be convicted of operating or attempting to operate, a motor vehicle upon any way while under the influence of intoxicating liquor or any narcotic or habit-producing drug, shall be imprisoned for not more than six months or shall be fined not more than five hundred dollars, or both; his license shall be revoked, and he shall be ineligible for a license for one year thereafter. Upon a second conviction he shall be imprisoned for not less than one month nor more than six months, and fined not less than one hundred dollars nor more than five hundred dollars; his license shall be revoked and he shall be ineligible for a license for the next three calendar years."

Effective September 1, 1955, this statute was re-enacted as RSA 262:19 "subject to all other acts of the present session of the general court in amendment . . . of the Revised Laws of 1942." RSA 624:17. By Laws 1955, c. 282, the provision in question was amended "by striking out the same and inserting in place thereof" the exact language of the prior statute except for two changes: (1) for the former provision that "his license shall be revoked, and he shall be ineligible for a license for one year thereafter" there was substituted the following: "his license shall be revoked for a period of sixty days and at the discretion of the court for a period not to exceed two years," and (2) for the former provision that "Upon a second conviction, he shall be imprisoned" there was substituted the following: "Upon a second conviction he may be imprisoned."

It is the defendant's position that the language of Laws 1955, c. 282 "striking out" the provisions of R. L., c. 118, s. 16, was intended to operate as a repeal of that section, that the 1950 complaint against him involved a conviction under this repealed statute while the offense of operating with which he is now charged is one against the 1955 statute and hence conviction of the present offense would not be a second conviction under this latter statute.

Whether the Legislature, by its adoption of Laws 1955, c. 282, intended to repeal R. L., c. 118, s. 16, or merely to change its penalty provisions is a matter of statutory construction. The construction to be given to the 1955 act depends upon the meaning given to it by the Legislature which adopted it. "The object of a statute is to be regarded, and all the parts brought together to ascertain the meaning." *Opinion of the Justices,* 72 N. H. 605, 607.

So far as the *offense* of operating while under the influence of intoxicating liquor is concerned, it is significant that both R. L., c. 118, s. 16, and the 1955 act describe it in identical language. It is the "operating or attempting to operate, a motor vehicle upon any way while under the influence of intoxicating liquor, or any narcotic or habit-producing drug" which is forbidden in each case. The penalties provided by the 1955 act "upon a second conviction" were intended to apply in case of a second conviction for the same offense described in the preceding sentence. Since that offense, as described in the 1955 act, is precisely the same offense described in the statute before amendment, it is reasonable to infer that the Legislature intended the "second conviction" provisions to apply in the event of a prior conviction under either R. L., c. 118, s. 16, or the 1955 act.

The object of the "second conviction" provisions in the 1955 act is plain. The bearing which the operation of motor vehicles by persons under the influence of intoxicating liquor has upon the ever-mounting accident and death toll on our highways is a matter of common knowledge and concern. The purpose in providing a heavier punishment for a second offense is "to compel obedience . . . when the milder sentence has failed in that respect." *State* v. *Adams,* 64 N. H. 440, 442. It is imposed "because of the character of the offender; because the discipline of his former punishment has failed to enforce his obedience to the law which he had previously violated." *Id.*

Having in mind the object of the statute it seems clear to us that the amendment of R. L., c. 118, s. 16 "by striking out" said section was merely an expedient of legislative draftsmanship, not intended to repeal but merely to amend that section by striking out the former penalty provisions and substituting others. To construe it otherwise would require us to conclude that the Legislature intended to release those convicted under the prior law from the salutary deterrent imposed upon them by their knowledge of the heavier penalties provided for "a second conviction." Accordingly, we hold that the defendant is properly charged with a second offense.

The reasons for the conclusions reached in *State* v. *Gendron,* 80 N. H. 394, and *State* v. *Costello,* 83 N. H. 585, relied on by the defendant, were based on statutory language not present here. They were not intended as exclusive tests in determining the effect of other legislative action and are not applicable in this case.

In connection with the 1950 complaint against him, the record of the Superior Court shows that the defendant pleaded *nolo contendere* in that court and was sentenced to pay a fine, which was paid. Such a plea followed by pronouncement of sentence upon it constitutes a "conviction" within the meaning of Laws 1955, c. 282. *State* v. *Fagan,* 64 N. H. 431, 432. The judgment which is the conviction follows the plea and is based upon it. In *State* v. *LaRose,* 71 N. H. 435, cited by the defendant, the conviction following the plea was not "proved . . . by the record" (*State* v. *Adams,* 64 N. H. 440, 443) but the defendant merely admitted on cross-examination that a plea of *nolo contendere* had been entered by him in a prior case. The issue there presented was whether the plea was "an admission of the truth of the facts charged" (*Id.* 438) which is not the issue in the case before us.

*Exception overruled.*

All concurred.