## No. 27972

**Ralph Jones v. District Court in and for the County of Routt, State of Colorado, The Honorable Donald Lorenz, District Court Judge and Billy Joe West**

(584 P.2d 81)

Decided September 5, 1978.                    Rehearing denied October 10, 1978.

Yegge, Hall & Evans, Daniel S. Maus, Robert S. Treece, Carol M. Welch, for petitioner.

Vance E. Halvorson, for respondent Billy Joe West.

*En Banc.*

MR. JUSTICE CARRIGAN delivered the opinion of the Court.

The petitioner brought this original proceeding pursuant to C.A.R. 21, seeking relief in the nature of mandamus. We issued a rule to show cause, and now make the rule absolute.

Shortly after midnight on November 24, 1974, the petitioner Jones and his wife were sitting in their truck, parked on a street in Oak Creek, Colorado, when the respondent West approached, addressed abusive language to the petitioner's wife, and began striking her. A fight ensued. The petitioner grabbed a pistol from his wife's hands, left the vehicle, and shot at West four times, striking him twice. West then fled on foot.

After surrendering to the authorities, the petitioner Jones was charged with first-degree assault[1] and subsequently entered a plea of *nolo contendere* to the less serious charge of felony menacing.[2] He was sentenced to three years imprisonment and fined $3,000, but the sentence and $2,000 of the fine were suspended and he was placed on probation for three years.

This original proceeding arises out of a tort action subsequently brought by West against Jones for the injuries he incurred in the shooting. Plaintiff West's complaint in the tort action, based on assault and battery, sought punitive as well as compensatory damages and requested body execution against Jones. The jury returned a verdict in favor of the plaintiff West and found that he was entitled to body execution.

The petitioner Jones contends that his *nolo contendere* plea to the charge of felony menacing constituted a "conviction" in a criminal proceeding for the "same wrong" upon which the civil action is based. Thus, the petitioner Jones argues, body execution against him is barred by the exception contained in Colorado's body execution statute[3] which precludes that remedy's being used for the "same wrong" for which the defendant has been "convicted" in a criminal prosecution. We agree.

The statute authorizing body execution states:

"*Body execution in tort, when.* In any civil action in any court of record where it appears from the summons and other papers in the cause that the action is founded upon tort, and upon trial of the cause the finding is in favor of the plaintiff, and the verdict of the jury or the finding of the court, if tried without a jury, states that in committing the tort complained of

---

[1] Section 18-3-202, C.R.S. 1973.
[2] Section 18-3-206, C.R.S. 1973.
[3] Section 13-59-103, C.R.S. 1973.

any one or more of the defendants were guilty of either malice, fraud, willful deceit, or neglegence consisting of a reckless or willful disregard of the rights or safety of others, than the plaintiff may have execution as provided in this article against the body of any defendant against whom such finding was had or any judgment rendered on any such finding. *In no case shall an execution issue against the body of a person when the person has been convicted in a criminal prosecution for the same wrong.*" [Emphasis added.] Section 13-59-103, C.R.S. 1973.

█ This statute is penal in nature since it contemplates imprisonment for civil liability. *Fanstiel v. Wright,* 122 Colo. 451, 222 P.2d 1001 (1950). The purpose of the rule forbidding body execution under certain circumstances is to assure that one convicted and punished in a criminal proceeding is not required to suffer incarceration for the same act under the law governing civil actions. *Boyer v. Elkins,* 154 Colo. 294, 390 P.2d 460 (1964).

█ Generally a plea of *nolo contendere* is equivalent to a guilty plea only for the purposes of that criminal proceeding. *People ex rel. Atty. Gen. v. Edison,* 100 Colo. 574, 69 P.2d 246 (1937). The *nolo* plea cannot be relied upon as an admission of the facts underlying the plea in any civil suit arising out of the same act. *Bruce v. Leo,* 129 Colo. 129, 267 P.2d 1014 (1954); *see Lacey v. People,* 166 Colo. 152, 158, 442 P.2d 402, 405 (1968) (dictum). Even though a *nolo contendere* plea is not, technically, a determination that the defendant committed the acts alleged, a conviction on a *nolo* plea results in imposition of penalties as if the defendant had been found guilty of those acts. *People v. Canino,* 181 Colo. 207, 508 P.2d 1273 (1973). Therefore the spirit and obvious intent of section 13-59-103 require that we treat a judgment based on a *nolo* plea the same as any other conviction for purposes of applying the exception set out in that statute. That interpretation accomplishes the obvious legislative intent to avoid subjecting a defendant to both criminal punishment and civil incarceration for the same wrongful act.

█ Moreover, the felony menacing for which the petitioner was convicted is, in essence, the "same wrong" for which he later was found liable in the civil proceeding. The same conduct involving the same parties, at the same time and place gave rise to both the criminal prosecution and the civil case. We cannot accept the plaintiff West's argument that the civil action was not founded on the "same wrong."

█ We hold, therefore, that the conviction based on the *nolo contendere* plea constituted a conviction "in a criminal prosecution for the same wrong" within the meaning of the exception to the body execution statute, and body execution was not available in the later civil case.

Accordingly, the rule to show cause is made absolute.

MR. JUSTICE KELLEY and MR. JUSTICE GROVES do not participate.