## No. C-1648

**The People of the State of Colorado v. Norman Dale Goodwin**

(593 P.2d 326)

Decided January 22, 1979.                    Rehearing denied February 20, 1979.

48

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, Felipe V. Ponce, Assistant, David K. Rees, Assistant, for petitioner.

J. Gregory Walta, State Public Defender, Craig L. Truman, Chief Deputy, Terri L. Brake, Deputy, for respondent.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

Certiorari was granted to review a decision of the Colorado Court of Appeals which held that a judgment of conviction entered upon a plea of nolo contendere is not a "conviction" within the meaning of the habitual criminal statute, section 16-13-101(1), C.R.S. 1973 (1976 Supp.). *See People v. Goodwin,* 41 Colo. App. 23, 582 P.2d 1065 (1978). We reverse and remand to the court of appeals with directions to reinstate the sentence imposed by the trial court.

Defendant, Norman Dale Goodwin, was convicted by a jury of second-degree kidnapping, section 18-3-302, C.R.S. 1973. He was then sentenced by the trial court to a term of not less than eighteen nor more than twenty-five years, pursuant to the habitual criminal statute. Sentencing under that statute was predicated on the defendant's admission that, within ten years prior to his conviction for second-degree kidnapping, he had pled guilty to one felony and nolo contendere to a second. Section 16-13-103(3), C.R.S. 1973; *People v. Litsey,* 192 Colo. 19, 555 P.2d 974 (1976).

Section 16-13-101(1) provides:

"*Punishment for habitual criminals.* (1) Every person convicted in this state of any felony for which the maximum penalty prescribed by law exceeds five years who, within ten years of the date of the commission of the said offense, has been twice previously convicted upon charges separately brought and tried, either in this state or elsewhere, of a felony or, under the laws of any other state, the United States, or any territory subject to the jurisdiction of the United States, of a crime which, if committed within this state, would be a felony shall be adjudged an habitual criminal and shall be punished by confinement in the state penitentiary for a term of not less than twenty-five years nor more than fifty years."

The question before us, one of first impression in this state, is whether a conviction based upon a plea of nolo contendere is a "conviction" for purposes of enhancing punishment pursuant to the habitual criminal statute. The court of appeals concluded that it was not, based upon its interpretation of *Lacey v. People,* 166 Colo. 152, 442 P.2d 402 (1968); *Bruce v. Leo,* 129 Colo. 129, 267 P.2d 1014 (1954); and *People v. Edison,* 100 Colo. 574, 69 P.2d 246 (1937). Consequently, the court of appeals vacated the defendant's sentence and remanded "for resentencing for a term within the statutory limits for the kidnapping offense." The court of appeals was in error.

*People v. Edison, supra,* was a lawyer disciplinary proceeding involving a lawyer who was charged with perjury in the Federal District Court of Oklahoma and pled nolo contendere. In the disciplinary proceeding which resulted from the entry of the nolo contendere plea, this court concluded that the respondent Edison was not estopped by her nolo contendere plea in a foreign jurisdiction from relitigating the question of guilt. *People v. Edison, supra,* prohibits a plea of nolo contendere from being used in a later *non-criminal* proceeding as an admission of guilt. *See United States v. Lair,* 195 Fed. 47, 52 (8th Cir. 1912); *Tucker v. United States,* 196 Fed. 260, 262 (7th Cir. 1912); *see also United States v. Hartwell,* 26 Fed. Cases 196 (Cir. Ct., D. Mass. 1869) (Case No. 15,318).

*Bruce v. Leo, supra,* has but little significance in resolving the issues in this case. In the *Leo* case, the secretary of state sought to revoke

Leo's liquor license. The revocation was predicated on the fact that Leo pled nolo contendere to the charge that he had unlawfully sold liquor to minors. This court concluded that the nolo contendere plea did not constitute a finding that Leo was guilty of a violation of the liquor laws. *Bruce v. Leo* is an anomaly among our cases dealing with the subsequent effect of a plea of nolo contendere. To the extent that the language of the court in that case can be interpreted as a holding that a judgment of conviction entered upon a plea of nolo contendere cannot be relied upon by the state for the imposition of statutory liabilities predicated solely on the fact of conviction, *Bruce v. Leo* is expressly disapproved.

Later, in *Lacey v. People, supra,* we held that a conviction resulting from a plea of nolo contendere could be used to impeach the credibility of a witness in a criminal case. *See Reynolds v. People,* 172 Colo. 137, 471 P.2d 417 (1970). In so holding, we said in *Lacey* that:

"The weight of authority is that where the issue is merely whether one has been *convicted* of a crime, a conviction based on a plea of nolo contendere may be shown as affecting such person's credibility. And the courts so holding have at the same time recognized that one who has therefore entered a plea of nolo contendere is not bound thereby in a collateral civil proceeding for the same wrong and is not estopped to deny his guilt. In other words, following sentence a person is *convicted* upon either a plea of guilty or a plea of nolo contendere, even though there admittedly are differences in general purpose of each of these two pleas.

. . . .

"We are not unmindful of *People ex rel. Edison* . . . but the matter at issue there is not the precise issue which we are now called upon to resolve." *Lacey v. People, supra.*

■ We have determined that the distinction drawn in *Lacey v. People, supra,* although a subtle one, is correct and should be applied in the case before us. Section 16-13-101(1), C.R.S. 1973, requires proof of the existence of two previous convictions before enhancement of punishment under the habitual criminal statute is proper. The judgment entered upon a plea of nolo contendere is a "conviction." *Lacey v. People, supra.* The conviction is the operative fact which brings the habitual criminal statute into play. The fact that the defendant was found to be guilty or pled guilty or entered a plea of nolo contendere when convictions were obtained against him is not relevant to the issue before us.[1] For purposes of

---

[1] For instance, section 16-13-103(3), C.R.S. 1973, provides:

"(3) Upon arraignment of the defendant he shall be required to admit or deny that he has been previously convicted of the crimes identified in the information or indictment, which are enumerated therein pursuant to subsection (2) of this section. If the defendant stands mute it shall be treated as a denial by him that he has been convicted as alleged. If the defendant admits that he has been *convicted* as alleged in any one or more of the counts charging previous convictions, no proof thereof is required, and upon conviction of the substantive offense, the court shall pass sentence upon the defendant as an habitual criminal." (Emphasis supplied.)

the habitual criminal statute, it is not the plea interposed, but the fact of conviction which causes the statutory penalties relating to enhancement of punishment to attach. Thus, the fact of conviction, without more, can be relied upon to enhance punishment under the habitual criminal statue.

Our resolution of the question before us is in accord with a majority of the cases. *See State v. Staples,* 100 N.H. 283, 124 A.2d 187 (1956); *State v. Orosco,* 199 Neb. 532, 260 N.W.2d 303 (1977); *People v. Daiboch,* 265 N.Y. 125, 191 N.E. 859 (1934); *Brozosky v. State,* 197 Wis. 446, 222 N.W. 311 (1928); *United States v. Brzoticky,* 588 F.2d 773, (10th Cir. 1978) (interpreting Colorado law); *United States ex rel. Clark v. Skeen,* 126 F. Supp. 24 (D. W.Va. 1954), *appeal dismissed,* 222 F.2d 423 (4th Cir. 1955); *United States ex rel. Collins v. Claudy,* 106 F. Supp. 367 (D. Pa. 1952), *rev'd on other grounds,* 204 F.2d 624 (3d Cir. 1953); *see also Lenvin and Myers, Nolo Contendere, Its Nature and Implications,* 51 *Yale L.J.* 1255, 1265 (1942).

The court of appeals properly resolved the discovery issue raised by the defendant, and we have concluded that no further exposition is warranted on the discovery issue.

Accordingly, the cause is remanded to the court of appeals with directions to reinstate the sentence imposed upon the defendant by the trial court.

MR. JUSTICE CARRIGAN does not participate.