The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

David A. CARPENTER,
Defendant-Appellant.

No. 84CA0876.

Colorado Court of Appeals,
Div. III.

July 3, 1985.

Rehearing Denied Aug. 22, 1985.

Certiorari Denied Nov. 4, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., David R. Little, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Pete Cordova, Salida, for defendant-appellant.

METZGER, Judge.

Defendant, David A. Carpenter, appeals his conviction of assault in the second degree after a jury trial, contending that he was unconstitutionally placed in double jeopardy by the sentencing judge's rejection of his guilty plea which had been accepted by another judge. We agree, and therefore, vacate the judgment and remand for sentencing pursuant to defendant's plea.

The facts in this case are not disputed. Defendant was charged with assault in the second degree in June 1982. On July 22, 1983, pursuant to a plea agreement, and after an advisement which thoroughly complied with the requirements of Crim.P. 11, Judge O. Edward Schlatter accepted defendant's plea of nolo contendere to assault in the third degree. The court stated: "I find that Mr. Carpenter understands his various rights and knowingly and intelligently and voluntarily gives up his various rights. I also find, having heard the facts in the preliminary hearing in this case, that there is a factual basis for this plea and will therefore accept a plea of no contest." The court then continued the matter for sentencing, and ordered a presentence report to be prepared.

On August 31, 1983, Judge Schlatter disqualified himself on his own motion from further participation in the matter. Judge John Anderson was subsequently appointed to handle the case.

At the sentencing hearing on October 18, 1983, Judge Anderson reviewed the probation report, and heard testimony from a witness for the prosecution and from the defendant. He also considered written statements which had been supplied to him by the doctor who had treated the victim and by the witness to the assault. After stating that he had not presided over either the preliminary hearing or the suppression hearing, he ruled:

"In sum and substance, yes, I am going to reject the plea agreement and leave you to fend for yourselves by way of trial on whatever degree of offense you would see fit to take the matter to trial on, and then as trial judge whether I am the trier of fact or whether there should be a jury. Then I will have the benefit of hearing all of the witnesses, and I will not be faced with a dilemma ... I will not have it thrown in my lap without enough to decide on ... I just think that this case can stand a little trial to shed some light on what has happened or what has not happened. Only for that reason do I reject the plea agreement."

Defense counsel objected, and later filed a motion requesting the court to reconsider its ruling, which motion was denied. After a jury trial, defendant was found guilty of second degree assault with a deadly weapon, and Judge Anderson then sentenced the defendant.

■ On appeal, the defendant contends that jeopardy attached at the time that Judge Schlatter accepted his plea of nolo contendere and that therefore Judge Anderson was without authority to reject his plea and order that the case proceed to trial. We agree.

■ When a defendant pleads guilty to an offense, jeopardy attaches when the court finally accepts the defendant's plea. *Jeffrey v. District Court*, 626 P.2d 631 (Colo.1981). Once jeopardy has attached, any further prosecution in the same proceeding is barred, as is a second prosecution for the same offense. *Corr v. District Court*, 661 P.2d 668 (Colo.1983). For purposes of a criminal proceeding, a conviction

on a plea of nolo contendere is equivalent to a conviction on a plea of guilty. *Jones v. District Court*, 196 Colo. 261, 584 P.2d 81 (1978).

Here, the record clearly shows that Judge Schlatter had accepted defendant's plea of nolo contendere to third degree assault. The only issue left to be determined was sentencing. Thus, Judge Anderson was without authority to reject a plea agreement which had already been finalized.

We recognize the dilemma that faces a judge who is required to impose a sentence upon a defendant when that same judge may not have presided over other hearings in the case. Indeed, in our view, the better practice is for the same judge who conducted the trial or accepted a defendant's guilty plea to conduct the sentencing hearing and to impose sentence. Nevertheless, in this case, Judge Anderson had before him a thorough probation report and several letters, and had heard testimony from both sides. Other methods, short of trial, could have been utilized to obtain additional information, such as requiring a supplemental probation report or additional testimony, or reviewing transcripts of prior hearings.

■ Relying on § 16–7–302(2), C.R.S. (1978 Repl.Vol. 8), the People argue that Judge Anderson correctly rejected the plea agreement. We find that argument to be inapposite here. The statute provides that a trial court may permit disclosure of a tentative plea agreement and the reasons therefor in advance of the time for tender of the plea, and may then indicate to counsel for both sides whether it will concur in the proposed disposition if the information in the presentence report is consistent with the representations made. The statute goes on to say that, if the trial court first concurs and accepts the defendant's plea, but the presentence report does not prove to be consistent with the representations, the court may then give the defendant the option to affirm or to withdraw the plea. In this case, the record fails to indicate that

the defendant's plea was conditional in any way. Therefore, the factual predicate for invocation of § 16–7–302(2) was lacking.

Accordingly, the judgment of conviction is vacated, and the cause is remanded to the district court to reinstate defendant's conviction of third degree assault pursuant to his plea, and for imposition of sentence accordingly.

BERMAN and TURSI, JJ., concur.