The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Robert VAN PATRICK,
Defendant–Appellant.

No. 87CA1367.

Colorado Court of Appeals,
Division C.

Aug. 3, 1989.

Rehearing Denied Sept. 21, 1989.

Certiorari Denied March 12, 1990.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Robert M. Petrusak, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, and Rachel A. Bellis, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge RULAND.

Defendant, Robert Van Patrick, appeals from the aggravated sentence imposed upon him following his conviction of second degree assault. We reverse.

Following an incident in which the defendant hit the victim in the head with a golf club, the defendant was charged with both first degree assault involving the use of a deadly weapon, and crime of violence based upon alleged use of a gun in the commission of the crime. During a trial to the

court, the crime of violence charge was dismissed after the prosecution failed to produce evidence that a gun had been used. The court found defendant guilty of the lesser included offense of second degree assault, under § 18–3–203(1)(b), C.R.S. (1986 Repl.Vol. 8B) (use of a deadly weapon) and § 18–3–203(1)(g), C.R.S. (1986 Repl. Vol. 8B) (causing serious bodily injury).

In connection with sentencing, the court concluded that an aggravated sentence was mandated by virtue of the former version of § 18–3–203(2)(c), C.R.S. (Colo.Sess.Laws 1985, ch. 145 at 647) even though the crime of violence charge was dismissed. The current version of the statute appears as § 18–3–203(2)(c), C.R.S. (1988 Cum.Supp.) (Colo.Sess.Laws 1988, ch. 125 at 717). The defendant contends, and we agree, that the trial court erred in its construction of § 18–3–203(2)(c).

Both versions of § 18–3–203(2)(c) provide that if the defendant is convicted of second degree assault which causes serious bodily injury or which causes bodily injury by means of a deadly weapon, "the court shall sentence the defendant in accordance with the provisions of section 16–11–309, C.R.S." The version of § 16–11–309(1)(a) then in effect (Colo.Sess.Laws 1985, ch. 145 at 647) required that, upon conviction of a crime of violence, the court shall impose a sentence greater than the maximum in the presumptive range, but not more than twice the maximum term provided for in § 18–1–105(1)(a). The current version of § 16–11–309(1)(a), C.R.S. (1988 Cum.Supp.) (Colo.Sess.Laws 1988, ch. 116 at 679) reduces the minimum term of incarceration to a term of at least the mid-point in the presumptive range set forth in § 18–1–105(1)(a).

■ Based upon an analysis of the statutory scheme adopted by the General Assembly relative to enhanced sentences, we conclude that, before the enhanced sentence may be imposed under § 16–11–309(1)(a), the procedural safeguards contained in § 16–11–309(4) and (5) must be satisfied. These subsections require a separate charge of crime of violence and a specific finding by the trier of fact as to that charge.

The initial basis for our conclusion is that § 16–11–309(1)(a) requires imposition of an enhanced sentence under § 18–1–105 for a "person convicted of a crime of violence." In order to be "convicted," it necessarily follows that there must be a charge made. *See* Crim.P. 7(b)(2)(IV); *see also People v. Goodwin,* 197 Colo. 47, 593 P.2d 326 (1979). Here the crime of violence charge was dismissed.

Further support for this conclusion appears in the statutes adopted by the General Assembly in which an enhanced penalty has been included under § 18–1–105 without reference to proof of an additional charge. *See, e.g.,* § 18–3–402(4), C.R.S. (1986 Repl.Vol. 8B) (class 2 felony of sexual assault in the first degree); § 18–3–412(2), C.R.S. (1986 Repl.Vol. 8B) (second conviction for unlawful sexual offense); § 18–6–401.2(2), C.R.S. (1986 Repl.Vol. 8B) (second conviction for class 3 or class 4 felony child abuse). The fact that the General Assembly adheres to a distinction between enhanced penalties imposed under § 18–1–105 and § 16–11–309 appears in the language of § 18–3–402(4) (1986 Repl.Vol. 8B) where the court is directed to impose sentence under § 18–1–105(9)(e) and not under § 16–11–309(2).

■ Thus, because the requirements of § 16–11–309(4) and (5) were not met in this case, imposition of a sentence under § 16–11–309(1)(a) was improper. The defendant must be sentenced in conformity with § 18–1–105(1)(a)(IV), C.R.S. (1986 Repl.Vol. 8B).

Because of this disposition, it is unnecessary to consider defendant's other contentions concerning his sentence.

The sentence is reversed, and the cause is remanded to the trial court for sentencing consistent with the views expressed in this opinion.

STERNBERG and ENOCH *, JJ., concur.